181 So. 509

### LOCKWOOD v. STATE FARM MUT. AUTOMOBILE INS. CO.
### 3 Div. 798.

Court of Appeals of Alabama.
March 22, 1938.

Rehearing Denied April 12, 1938.

[1] 236 Ala. 110.

[1] Ante, p. 73.

Thos. H. Watts, Hill, Hill, Whiting & Rives, and Wm. F. Thetford, all of Montgomery, for appellant.

Rushton, Crenshaw. & Rushton, of Montgomery, for appellee.

BRICKEN, Presiding Judge.

This cause was submitted to, and determined by, the trial judge, without a jury, upon an agreed statement of facts, hereinafter set out. The trial court decided adversely to plaintiff by rendering judgment in favor of defendant. From such judgment this appeal was taken.

The statement of facts, above referred to, is as follows:

"Statement of Facts

"This is a suit upon an insurance policy. The case was submitted under an agreed statement of facts, the agreed facts being as follows:

"That on, to-wit, the 18th day of September, 1936, appellee (defendant below) in consideration of the agreed premium, which was paid by the appellant (plaintiff below), issued to the appellant its policy of insurance No. 3,264,396—Ala. The policy of insurance and rider, which was attached thereto and made a part thereof, was attached to the agreed statement of facts made a part thereof.

"That on, to-wit, the 19th day of December, 1936, appellant was at her cottage at Perdido Beach, Alabama; that appellant had in her employ a negro chauffeur by the name of Willie Lee Jordan, who had worked for her for about three months. Willie Lee Jordan lived on appellant's place in the servants' quarters and did odd jobs about the place in addition to driving appellant's car. Appellant had always made a rule that after she used her car it would be locked in the garage and the keys brought to her. Appellant used her car about 6 p. m. on December 19th, 1936, and on her return to her home the car was locked and the keys brought to her room and placed on the mantel. Willie Lee Jordan came in later to put some wood on the fire and at this time stole the keys from the mantel. Using the stolen keys, Willie Lee Jordan took appellant's automobile toward Pensacola, Florida, for his own purposes and on his way to Pensacola, Florida, later that night while said automobile was being driven by Willie Lee Jordan, the automobile was wrecked at or near Millview,

Florida, about 15 miles from the place where said car was stolen. After the collision Willie Lee Jordan returned to appellant's cottage at Perdido and the next morning the keys to the car were found on the mantel-piece, from which they had been taken the night before. Agreed that the damaged automobile was the same automobile described in the policy of insurance. The automobile was damaged to the extent of $315.00.

"The insuring provisions in the insurance policy which appellant relies upon to recover the loss shown above are as follows:

"'Definition of Coverages

"'Part I—Damage to the Automobile

"'This policy insures for, and the company agrees to pay, the direct loss or damage to the described automobile, equipment and accessories attached thereto, arising from:

"'A Fire, Lightning and Transportation: (a) * * *.

"'B Theft, Robbery and Pilferage (Broad Form): Theft, robbery and pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not. * * *

"'Comprehensive Coverage Endorsement

(Private Passenger Cars)

"'In consideration of the premium provided in the policy to which this endorsement is attached, the insuring provisions of clauses A, B and C of part I of the policy are extended to include any other direct loss or damage to the described automobile, its equipment and accessories attached thereto except (a) loss or damage caused by or resulting from collision with another object or upset (b) loss or use (c) depreciation (d) and except, unless as a result of a loss otherwise covered by this policy, (1) wear and tear, (2) mechanical or 'electrical breakdowns, failures or breakages, (3) freezing, (4) damage to tires.

"'Breakage of glass and loss caused directly by tornado, cyclone, windstorm, hail, falling aircraft or parts thereof, and loss resulting from theft, earthquake, explosion, riot, riot attending a strike, insurrection or civil commotion, shall not be deemed loss caused by collision or upset but shall be covered hereunder.

"'Nothing herein contained shall vary, alter or extend any of the terms, limits, coverages as therein defined, or conditions of this policy except as stated in this endorsement.

"'Attached to and forming a part of policy No. 3264396-Alabama, issued by the State Farm Mutual Automobile Insurance Company, of Bloomington, Illinois, to M. Louise Lockwood of Montgomery, Alabama.'"

■■ From the foregoing, it is readily ascertainable that no liability rested upon the defendant under and by virtue of subdivision B of the policy of insurance above referred to. There does not appear, nor could there properly be, any insistence to this effect. Therefore, it appears that there is but one question involved here, and that is, whether the Comprehensive Coverage Endorsement, supra, extends coverage under Schedule B, to include damages to the automobile occasioned by a collision with another object while it was being used by the designated employee in the household of the assured. After a careful and attentive consideration of this question, we are clear to the opinion that no substantial conflict exists between the designated "Comprehensive Coverage Endorsement" and the policy contract. Said rider merely extends the insuring provisions of clauses A, B, and C of part I to include any other direct loss or damage to the described automobile, etc., and by its very terms leaves intact the provisions of the main policy. It would, we think, require a strained construction to hold that the term "any other direct loss" would render meaningless and emasculate the express provisions contained in the original policy contract. Similar views were entertained by the trial court, and we, as stated, think correctly so. This question being conclusive, there is no necessity of prolonging this opinion in further discussion.

The judgment appealed from is accordingly affirmed.

Affirmed.