COLLEY *v.* PEARL ASSUR. CO.

(*Nashville,* December Term, 1945.)

Opinion filed June 1, 1946.

W. C. RODGERS, of Memphis, for complainant.

EVANS, EXBY, MORIARTY & CRESON, of Memphis, for Ins. Co., defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This is an appeal by the insurance company from a decree for $466.95 with interest, against it in favor of complainant on a policy of automobile insurance described in the original bill as ''insuring against loss of or damage to the automobile except by collision, but including fire, theft and windstorm.''

The cause having been tried below on a stipulation of facts, the appeal has come directly to this court. We do not know the grounds on which the chancellor based his decree in favor of the complainant, since the record contains no opinion of his, and the recitals of the decree furnish us no clue.

While the automobile insured was being driven on a Texas highway by complainant, the left front tire blew out, he lost control of the car, which after running some distance along the highway, collided with the abutment of a concrete bridge, causing the damages for which the suit is brought.

There being no controversy that the policy was in effect at the time of the accident, pertinent provisions of it are as follows:

''Item 3. In consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy, the company agrees to pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, sustained during the policy period, *with respect to such and so many of the following coverages as are indicated by specific premium charge or charges*:

''Coverages:

"A. Comprehensive—Loss of or damage to the automobile · except by collision but including fire, theft and windstorm. . . . Actual Cash Value—Premium $6.00." (Italics ours.)

No premiums were charged or paid for "coverages":

"B-1, Collision or Upset;

"B-2, Convertible Collision or upset;" and it is not insisted that these "coverages were a part of the risk. The total annual premium paid for the insurance was $6.

A further pertinent provision of the policy is:

"Coverage A—Comprehensive—Loss of or Damage to the Automobile, except by Collision. Any loss of or damage to the automobile *except loss caused by collision of the automobile with another object* or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire,. theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not. be deemed loss caused by collision or upset . . .

"Exclusions:

"This policy does not apply . . .

"(f) Under any of the coverages, to tires unless damaged by fire or stolen or unless such loss be coincident with other loss covered by this policy." (Italics ours.)

By the insured, who admits that he did not have coverage for "B-1, Collision and upset," or for "B-2, Convertible collision and upset," it is insisted that the blowing out of the tire was the efficient and predominating cause of the damage, and that "the collision with the abutment of the bridge was simply the resulting or consequential damages emanating from the blowout." To support this contention, the insured cites the following:

"To justify recovery on a policy of insurance, it is

not necessary that the peril insured against be the cause of the loss in the sense that it is the nearest cause in point of time or place. If the peril insured against be the efficient, predominating cause of the loss, it is regarded as the proximate cause thereof, although the result was brought about by a train of events set in motion by the particular peril and operating with reasonable certainty to occasion the loss." *Maness v. Life & Casualty Ins. Co. of Tenn.*, 161 Tenn. 41, 43, 28 S. W. 2d 339.

We think that that rule is inapplicable to the facts of the present case. In the *Maness Case* the insured was protected "against the result of bodily injuries . . . if the insured shall be struck by a vehicle which is being propelled by . . . gasoline . . . while insured is walking or standing on a public highway." 161 Tenn. at page 42, 28 S. W. 2d at page 339.

The plaintiff there was walking along a highway when the wheels of a passing automobile cast a stone into his eye, permanently blinding it. The activating factor or cause, was the moving automobile. Injury from that source was the express risk covered by the policy. Here, even if we accepted the statement of insured, which we do not, that the blowout was the efficient and predominating cause, the blowout or other damage to a tire was not an express risk of the coverage, but was an express exclusion from such coverage under (f) quoted above. All damage to tires was excluded when such damage was coincidental with some other risk covered by the policy. In the *Maness Case, supra*, as stated, insurance was against bodily injury from a moving automobile. A moving automobile set a stone in motion which caused the injury. But since it was the moving automobile, against the risk of which there was insurance, which set the stone in motion, the moving automobile was the cause of the injury. We

have no such situation here. On this record, not only the "efficient and predominating," but the proximate and necessary cause of the damage was the collision with the abutment of the bridge. The collision with the bridge might have occurred as it did without the precedent blowout, and the blowout might have occurred without the consequent collision. There were three factors in the chain or web of causation: (1) The blowout; (2) Loss of control of the car; (3) Collision with the bridge. Except for some damage to the tire, claim for which, under the circumstances, was excluded from the policy factors (1) and (2) might have occurred exactly as they did without other damage to the automobile. It is so apparent that the collision with the abutment of the bridge was the efficient and predominating cause of the loss. Collision is expressly excluded from coverage under the policy.

However, since the action is one in contract and not in tort, a determination of the proximate cause is not a determination of liability under the policy. The question of causation merges in the more fundamental question whether the damages to the car as they were incurred, were the result of a risk or hazard against which the insured was covered by the policy. This question is to be determined by consideration of the policy as a whole, construing any ambiguities against the company, to ascertain the intention of the parties as it is disclosed by the language used in the policy itself.

In deciding a well-known case where there was a series of causes, and the question was one of the liability of an insurance carrier, Judge CARDOZO said: "General definitions of a proximate cause give little aid. Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract.

It is his intention, expressed or fairly to be inferred, that counts." *Bird* v. *St Paul Fire & Marine Ins. Co.*, 224 N. Y. 47, 51, 120 N. E. 86, at page 87, 13 A. L. R. 875.

The right of the insured to recover and the liability of the company to pay, are defined and limited by the intentions of the parties as expressed in the policy That intention is determined by what the law of insurance, which is the fruit of many judgments rendered between men in similar circumstances, says the parties meant by the language used. *Hyer* v. *Inter-Insurance Exchange, etc.*, 77 Cal. App. 343, 246 P. 1055.

It is clear to us from the language and terms of the policy before us, that the insured did not intend to pay for, nor did the company intend to accept the risk for insurance against damages arising from "a collision of the automobile with another object." Item 3 of the policy quoted above, expressly limited the insurance to the coverages for which the insured paid a specific premium. He paid a total annual premium of $6 for "Coverage A—Comprehensive—Loss of or damage to the automobile *except by collision* but including fire, theft and windstorm." He paid no premium for coverage "B-1; Collision or upset," or for coverage "B-2; Convertible collision or upset." Since he paid no premium for collision coverage and since such coverage is expressly excepted from the coverages for which he did pay, we think it clear that the parties intended and without ambiguity, expressed their intention that damages to the automobile resulting from its collision with the abutment of a bridge, were excluded.

Insured has cited and relied on only two Tennessee cases,—the *Maness Case*, *supra*, which we have considered, and the case of *Great Eastern Casualty Co.* v. *Solinsky*, 150 Tenn. 206, 263 S. W. 71, 35 A. L. R. 1007.

The latter case involved a suit against the insurance company on a policy of automobile liability insurance, which covered "collision" only, and did not cover "upset." Without collision, but on account of a violent application of the brakes, a rear wheel of the insured car, collapsed and caused the car to turn over. The damage to the car was the result of its impact with the flat surface of the ground. Holding that such damage was not the result of a "collision" within the accepted meaning of that term, the suit against the insurance company was dismissed. We cannot find that that case affords the insured any comfort here. On the contrary, the definitions in that opinion make it clear that the impact of the Colley automobile with the abutment of the bridge was a collision, and the *Solinsky Case, supra*, shows further that "collision insurance" costs many times the total amount of the premium charged in the policy before us. In the *Solinsky Case, supra*, recovery was denied. In the *Maness Case, supra*, it was allowed. · Comparison of the facts in the two cases makes the divergent result consistent with the rule applied in both cases. If in the *Solinsky Case, supra*, the activating factor, the collapse of the wheel, had been expressly a peril insured against, as was the "injury from a motor vehicle" in the *Maness Case, supra*, recovery for consequent damage by upset would have been allowed Solinsky. So in the case here, if the blowout of the tire, as an independent factor, had been a risk covered by the express terms of the policy, the consequent and incidental damages rising from collision would have been compensable under the policy. This rule of a consequent immaterial cause is further illustrated by the several cases cited by GREEN, C. J., in the *Maness Case, supra*, 161 Tenn. at pages 43 and 44, 28 S. W. 2d at pages 339 and 340 of his opinion.

▮ In its exhaustive brief, the Assurance Company has made it clear that this "comprehensive" form of automobile insurance is in rather general use. Although it has not before come to this Court for construction, the insurance company has cited several cases from other states where policy forms identical with the one before us, have been construed. In view of our disposition, it is unnecessary to consider these cases in detail, more than to say that the result reached here conforms with the rules developed in the cases cited: *Sharhin* v. *Niagara Fire Ins. Co.*, 265 App. Div. 397, 39 N. Y. S. 2d 887; *Rea* v. *Motors Ins. Corporation*, 48 N. M. 9, 144 P. 2d 676; *Lockwood* v. *State Farm Mut. Automobile Ins. Co.*, 28 Ala. App. 179, 181 So. 509.

Reversed and dismissed.

GREEN, C. J., not participating.