PARK CORPORATION *v.* GREAT AMERICAN INDEMNITY CO.

(*Nashville,* December Term, 1947.)

Opinion filed July 17, 1948.

ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN, of Memphis, for appellant.

ROBT. M. NELSON and W. WRIGHT MITCHELL, both of Memphis, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Park Corporation, appellant, was an employer within the provisions of the Tennessee Workmen's Compensation Law. Williams' Code, sec. 6851 et seq. Its compensation insurance was carried by Great American Indemnity Company, appellee  The insurance contract obligated this insurance company to pay all compensation required by the Workmen's Compensation Law for injuries received by such of insured's employees ''as are legally employed''.

Lucy McClain, as an employee of insured, when she was less than sixteen years of age, received injuries arising out of and in the course of her employment.  During the course of the insurance company's efforts to settle with her under our Workmen's Compensation Law some one, without any suggestion from insurer, advised this girl and her sponsors that her employer was liable in a common law action of damages for her injuries, because this employer had not procured the employment certificate required by our law as a condition precedent to the employment of such minor in certain places or at certain jobs.

Acting upon this advice, and without any connivance upon the part of the insurance company, a common law action of damages was instituted against her employer. Recovery for these injuries was sought upon the allegation in the declaration that this girl was employed in violation of our child labor statutes at the time she received the injuries in question, thereby rendering her employer guilty, per se, of proximate negligence.

Thereupon, the insurance company gave written notice to employer, its insured, to the effect that the suit of this girl sought a recovery upon a ground for which the insurance company was not liable to indemnify employer if the girl should recover damages upon the cause of action stated in her declaration, in that the insurance company was liable to pay only the compensation required by the Workmen's Compensation Act, and then only as to employees that are "legally employed"; whereas, this suit did not seek recovery under that law but upon the ground that the employment of the plaintiff was illegal. Accordingly, the insurance company stated in this letter to its insured that it would not participate in the defense of that lawsuit.

As a result of that letter appellant employer procured its own attorneys and successfully defended the suit, it being held by the trial and appellate court, respectively, that the employment of this girl was not illegal.

Park Corporation, in its necessary defense of the suit, was subjected to the expense of attorneys' fees and other incidental expenses, all of which it paid. It then instituted this suit now under consideration against the appellee insurance company for the recovery of the expenses so paid. The theory of the suit is that the insurance company was under a contractual obligation by the

terms of the policy to defend this suit, even though that suit sought a recovery upon a ground for which the insurance company was not liable under the insurance contract. This theory of liability is predicated upon appellant's insistence that "duty to defend is neither correlative with, nor dependent upon, the duty to indemnify, unless specifically provided by terms of the insurance contract".

The Chancellor, in a very able opinion, reached the conclusion that it was not the obligation of the insurance company under this contract to defend a suit which sought a recovery upon a ground for which the insurance company was not obligated to indemnify its insured, Park Corporation.

It is appropriate here to note that if it be a fact, under the contract and facts and the law applicable, that the insurance company was obligated to defend the lawsuit brought by this young lady, then certain it is that the insurance company would have been placed in a rather undesirable situation in that its own personal interest would have been better served if its defense of the lawsuit had been unsuccessful because, in that event, the judgment would have been against the Park Corporation for a matter as to which the insurance company was not liable under the insurance contract. On the other hand, if its defense of this suit was successful, then the result would be that the insurance company was liable to pay the compensation required by the Workmen's Compensation Law. This, the insurance company has always stood ready to pay. This rather anomalous situation, if the appellant's position is correct, make appropriate, we think, this observation of the Chancellor:—

"However, the practical application of any rule *other than* that the assurer's *obligation* to perform arises upon

presentation of a claim or suit *within policy coverage* is so fraught with conflict of interest and confusion as to be in and of itself convincing that the Standard Employer's Liability Policy is not properly to be so construed.'' (Emphasis ours.)

However, the employer, Park Corporation, has appealed and makes the same insistences here by appropriate assignment of errors.

If the insurance contract in question required the insurance company to defend the common law action, then its failure so to do renders it liable for the expenses for which it is here sued, notwithstanding the above stated rather embarrassing situation in which it would have been placed by defending. *Buquo* v. *Title Guaranty & Trust Co.*, 20 Tenn. App. 470, 483, 100 S. W. (2d) 997 (*certiorari* was denied).

In the case of *Fulton Co.* v. *Mass. Bonding & Ins. Co.*, 138 Tenn. 278, 197 S. W. 866, the insurance contract provided that the policy does not cover ''persons employed in violation of the law as to age.'' This Court held that under such a provision ''the insurer was not called upon to defend the employee's action'' for damages based on illegal employment. However, in as much as each case must turn upon the particular contract, we are not able without further analysis to say that this case is conclusive against the appellants. As observed by this Court in *Colley* v. *Pearl Assur. Co.*, 184 Tenn. 11, 15, 195 S. W. (2d) 15, 16, the ''question is to be determined by consideration of the policy as a whole, construing any ambiguities against the company, to ascertain the intention of the parties as it is disclosed by the language used in the policy itself''.

By item IV, paragraph I(a) of the policy, the insurance company agrees ''to pay promptly to any person

entitled thereto under the Workmen's Compensation Law —the sum due—to such person because of the obligation for compensation for any such injury imposed upon —employer under—the Workmen's Compensation Law.'' Giving the above quoted language its natural construction, it means simply that the insurance company will pay for any injuries for which the insured employer is liable under the Workmen's Compensation Law. The damage suit which resulted in the subsequent case here under consideration sought recovery, not for injuries for which the insured was liable under the Workmen's Compensation Law, but for injuries for which the insured was alleged to be liable because of an alleged violation of the child labor law, a liability expressly excluded by the insurance contract as an obligation of the insurance company.

By paragraph III under Item IV of the insurance contract the insurance company agrees ''to defend—any suits—which may at any time be instituted—on account of such injuries—or—alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations, or demands are wholly groundless, false or fraudulent''. In this quotation the expression ''such injuries'' necessarily refers us back to previous provisions of the contract for the purpose of determining what the parties meant when they used the word ''such''. This reference back also by necessity carries us to Item IV, paragraph I(a) hereinbefore quoted, whereby the insurance company agrees to pay the obligation of the employer for compensation imposed by the Workmen's Compensation Law for injuries received by employees under conditions specified by that law. The conclusion compelled is that by this para-

graph III under item IV the insurance company agrees to defend any suit, however groundless, false or fraudulent its allegations may be, if that suit is for the purpose of recovering compensation under the Workmen's Compensation Law. It is not an agreement to defend a common law action for damages based upon a violation of the child labor law.

■ The suit which Lucy McClain brought was not for liabilities imposed by the Workmen's Compensation Law. That suit was for liabilities alleged to exist by reason of alleged violation upon the part of the insured of the child labor law—a cause of action from which the contract expressly excludes an obligation to pay by the insurer, and is beyond the character of suit which the insurance company under its contract agreed to defend, as we construe that contract.

The above stated construction which we must place upon the contract is conclusive of this case. It seems to be in accord not only with the principle declared in our case of *Fulton Co.* v. *Mass. Bonding & Ins. Co., supra,* but likewise is in accord with at least the majority view. The text of 29 American Jurisprudence, page 804, section 1071, is:—

"Although bound by the policy to defend actions against the employer by injured employees, the insurer is usually not required to defend where the injured employee had been illegally employed as to age, in violation of a provision in the policy." (Citing authorities.)

In the New Hampshire case of *Lumbermen's Mut. Casualty Co.* v. *McCarthy,* 90 N. H. 320, 8 A. (2d) 750, 751, 126 A. L. R. 894, the Court says:—

"By its policy of insurance the plaintiff agreed to defend on behalf of the insured and in his name 'any suit,

coming within the terms of this Policy, seeking damages on account of [bodily injuries, death or destruction of property] even if such suit is groundless, false or fraudulent.' This clause, in keeping with its provisions, has been generally construed to obligate the insurer to defend suits, even though groundless, false or fraudulent, upon *only* those claims for which it has assumed liability under the terms of its policy.'' (Citing a number of authorities.) (Our emphasis.)

In point is the Virginia case of *Ocean Accident & Guaranteed Corp. Ltd.* v. *Washington Brick & Terra Cotta Co.*, 148 Va. 829, 139 S. E. 513, 517, quoted in the well considered opinion of the Chancellor. In that case the employer was sued in an action grounded upon a violation of the child labor law in Virginia. The insurance contract for Workmen's Compensation Insurance and defense of suits was identical with like provisions in the instant contract. The insurance company refused to defend the action. The employer subsequently brought suit for the expenses and attorney's fee to which it was subjected by defending the suit, alleging as in this case, a breach of contract. That Court held the Insurance Company not liable for these expenses, and in its opinion said:—

''The language of the policy which requires the insurer to defend suits which may at any time be instituted against the employer 'on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor,' must be read in connection with the fundamental contractual obligation appearing upon the face of the contract between the parties, which was that the insurer would indemnify the employer *only* in case of recovery of damages by employees legally employed.'' (Emphasis ours.)

There are other cases to the same effect referred to in 59 A. L. R., page 310. We concur in this statement in *Lumbermen's Mut. Casualty Co.* v. *McCarthy, supra*:—

''There are statements to be found in some cases from other jurisdictions to the effect that the duty to defend is independent of the duty to pay, (citing authorities) but it is to be noted that in these cases the question was not directly involved, and we are of the opinion that these statements adopt an unsound view of the plaintiff's contractual obligation.''

The decree of the Chancellor is affirmed with the costs of the appeal adjudged against the appellant and its surety.

All concur except PREWITT, J., who did not participate.