ENGLISH *et al. v.* VIRGINIA SURETY Co.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

Petition denied May 21, 1954.

COURTNEY, COVINGTON & COURTNEY, of Franklin, for complainants.

HENDERSON & HENDERSON of Franklin, MANIER, CROUCH & WHITE, of Nashville, for defendant.

MR. SPECIAL JUSTICE LLOYD S. ADAMS delivered the opinion of the Court.

Defendant issued a policy of automobile liability insurance covering a truck tractor belonging to one W. D. Stevens, who was named as the insured in the policy. Thereafter, and while the policy was still in effect, W. D. Stevens loaned the vehicle to his brother, Marvin B. Stevens, so that Marvin B. Stevens might take his wife and children to a family reunion. While the vehicle was being operated by Marvin B. Stevens it was involved in a collision with an automobile belonging to and being driven by complainant Polly C. English, resulting in personal injuries and property damage. It is conceded that at the time the vehicle was being operated with the permission of W. D. Stevens. Complainant and her husband recovered judgments aggregating $10,500.00 in the Circuit Court of Williamson County against both Marvin B.

Stevens, the driver, and W. D. Stevens, the owner. The judgments against Marvin B. Stevens have become final. W. D. Stevens appealed and the judgments against him were reversed by the Court of Appeals on the ground that there was no agency or other relationship upon which to base vicarious liability, and this Court denied certiorari. *English* v. *Stevens*, 35 Tenn. App. 557, 249 S. W. (2d) 908.

On the theory that Marvin B. Stevens was an additional insured within the meaning of the policy of insurance issued by defendant Virginia Surety Company, Mr. and Mrs. English filed their original bill in this cause in the Chancery Court of Williamson County, seeking a decree against Virginia Surety Company for the amount of their judgments against Marvin B. Stevens together with the statutory penalty. Defendant interposed a demurrer, the first three grounds of which were sustained by the Chancellor, and the bill was dismissed, resulting in this appeal by complainants.

The insurance policy in question sets forth in its declarations that the purposes for which the automobile is to be used are ''commercial'', and that term is defined ''as use principally in the business occupation of the named insured as stated in item 1, including occasional use for personal, pleasure, family, and other business purposes''.

The policy contains the usual Omnibus Clause and definition of the word ''insured'':

''I. Definition of 'Insured'

''The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, *except where specifically stated to the contrary,* also

includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured.''
Coverages A and B provide for Bodily Injury Liability and Property Damage Liability.

There is also appended to the policy an endorsement which reads as follows:

''It is understood and agreed that the automobiles and/or trailer described in the aftermentioned policy are covered for Bodily Injury Liability and Property Damage Liability in accordance with the terms and conditions of the policy to which this endorsement is attached, provided, no load or merchandise other than that belonging to, or in charge of, the named Assured is being carried, and only while such automobiles are being operated in the business occupation of the named Assured as stated in item I of the policy declarations and occasionally for the personal, pleasure, family and other business purposes of the named Assured.''

There is only one issue arising out of the Chancellor's ruling on the demurrer and complainants' assignments of error based thereon. Does the endorsement restrict and limit the Omnibus Clause so that the operation of the vehicle at the time of the accident, conceded to be with the permission of the named insured, was nevertheless outside the coverage of the insurance policy? In order to decide this question, it is necessary to interpret the policy provisions set forth in detail above in light of accepted judicial principles of construction and interpretation. Counsel in their briefs have cited no cases construing a provision such as is found in the endorsement, nor has independent research disclosed any such case,

although there is copious authority construing and interpreting the Omnibus Clause alone.

The Chancellor, in his opinion, correctly points out that but for the endorsement there would be no question as to the liability of defendant company. *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301, 8 S. W. (2d) 473, 72 A. L. R. 1368; *Foley* v. *Tennessee Odin Ins. Co.*, 193 Tenn. 206, 245 S. W. (2d) 202; and see also the article on "Insurance", Annual Survey of Tennessee Law, 6 Vand. L. Rev. 1068, 1071. The solution then, lies in the effect and interpretations to be given the endorsement.

■ There is no disagreement between the parties as to what are the proper rules of construction. An insurance policy and its endorsements are to be read as a whole, all provisions of the policy being construed together, rejecting no part of the policy which may, by a reasonable interpretation of the whole, be saved. *Laurenzi* v. *Atlas Ins. Co.*, 131 Tenn. 644, 176 S. W. 1022; *Holmes* v. *Elder*, 170 Tenn. 257, 265, 94 S. W. (2d) 390, 104 A. L. R. 1282; *Bank of Commerce & Trust Co.* v. *Northwestern Nat. Life Ins. Co.*, 160 Tenn. 551, 559, 26 S. W. (2d) 135, 68 A. L. R. 1380; *Colley* v. *Pearl Assur. Co.*, 184 Tenn. 11, 195 S. W. (2d) 15; *Park Corp.* v. *Great American Indemnity Co.*, 187 Tenn. 79, 83, 213 S. W. (2d) 12; 29 Am. Jur., Insurance, Sec. 162;

Blashfield Cyc. of Auto. Law & Practice, Sec. 3521.

As was said by this Court in *Colley* v. *Pearl Assur. Co.*, supra, 184 Tenn. at page 15, 195 S. W. (2d) at page 16, "This question [coverage] is to be determined by consideration of the policy as a whole construing any ambiguities against the company, to ascertain the intention of the parties as it is disclosed by the language used in the policy itself". The opinion in the Colley case then

continues with this quotation from Judge Cardozo in *Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 47, 51, 120 N. E. 86, 87, 13 A. L. R. 875: " 'Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts.' " See also *National Bank of Commerce* v. *New York Life Ins. Co.*, 181 Tenn. 299, 181 S. W. (2d) 151.

Recurring to the policy under consideration, it appears that the vehicle was to be used for "commercial" purposes, and in the policy declarations "The term 'commercial' is defined as use principally in the business occupation of the named insured as stated in item 1, including occasional use for personal, pleasure, family, or other business purposes". The endorsement provides that the truck is covered for Bodily Injury Liability and Property Damage Liability "in accordance with the terms and conditions of the policy to which this endorsement is attached * * * *only while such automobiles are being operated in the business occupation of the named Assured as stated in item I of the policy declarations and occasionally for the personal, pleasure, family and other business purposes of the named Assured.*"

Thus a comparison of the two quotations indicates that one reasonable interpretation would be that the italicized portion of the endorsement merely re-states the definition of "commercial" purposes, for that definition, quoted above, has inherent in it the idea that commercial purposes include "occasional use for personal, pleasure, family and other business purposes" *of the named Assured.* Merely adding the words "of the named Assured" to the end of the definition, whether in the policy declarations or the endorsement, does not affect its mean-

ing in any way. Under this interpretation the Omnibus Clause is not affected or changed, since it applies whether the vehicle is used for "business and pleasure" or "commercial" purposes, as defined in the policy declarations and repeated in the endorsement.

The above interpretation also considers the Omnibus Clause provision that a person using the automobile with the permission of the named insured is covered as an additional insured "except where specifically stated to the contrary". By "specific" is meant "precise", "definite", "explicit" or "exact". To be "specifically stated to the contrary" would require the clause "Definition of 'Insured'" (the Omnibus Clause) to be amended or rendered ineffective by definite and express reference in the endorsement. A close reading of the policy discloses no specific statement contrary to the provision that the word "insured" also includes persons using the automobile with the permission of the named insured, unless it be the addition of the four words "of the named Assured" as they appear in the endorsement, and this at the most only an implied, not specific, statement to the contrary.

Defendant in its brief argues that "the endorsement limits by clear and concise language the Omnibus Clause but does not destroy it and leaves it in full force and effect as to the limited purposes for which the vehicles can be used. The limitation in the endorsement is as to the use of the vehicles which are covered and not a limitation on the Omnibus Clause." This contention is difficult to follow. Apparently defendant's position is that while the "*unqualified* word 'insured' * * * includes any person while using the automobile * * * with the permission of the named insured", the addition of the words "of the named Assured" in the endorsement provision operates

to *qualify* the word "insured" wherever it appears in the body of the policy and thus becomes the specific statement to the contrary referred to in the Omnibus Clause. Although this is another possible interpretation of the effect of the endorsement, it is a strained construction, and one not likely to be given the policy by the ordinary businessman making an ordinary business contract.

The fact that the two interpretations set forth above are possible demonstrates that there is an ambiguity in the policy insofar as the provisions of the endorsement when read in conjunction with the body of the policy are concerned. The New Century Dictionary defines ambiguous as "Of doubtful nature or meaning; uncertain; having a double meaning; open to various interpretations; equivocal". In accordance with the well known rule, the doubt arising as a result of an ambiguity must be resolved against the insurer. *Colley* v. *Pearl Assur. Co.*, supra; *Park Corp.* v. *Great American Indemnity Co.*, supra; *National Bank of Commerce* v. *New York Life Ins. Co.*, supra.

Considering the rules of construction set forth above, it becomes palpable that the parties intended to add the endorsement for the purpose of denying bodily injury and property damage liability coverage when a load of merchandise not belonging to or in charge of the named Assured was being carried, which is the only change effected by the endorsement; that the words in the endorsement providing for coverage "only while such automobiles are being operated in the business occupation of the named Assured, as stated in item I of the policy declarations and occasionally for the personal, pleasure, family, and other business purposes of the named Assured" are merely a restatement of the definition of commercial pur-

poses; and that there was no intention to abrogate, specifically or by implication, the ''additional insured'' coverage of the Omnibus Clause. Marvin B. Stevens, therefore, driving the W. D. Stevens vehicle with permission of the named insured, was an additional insured at the time of the accident and therefore covered by the provisions of the policy in question.

It follows, then, the Chancellor erred in sustaining the demurrer, the assignments of error are sustained, and the cause remanded to the Chancery Court of Williamson County for further proceedings not inconsistent with this opinion. The costs of the appeal will be adjudged against defendant.