John N. NEW, Plaintiff,

v.

GENERAL CASUALTY COMPANY OF AMERICA, Defendant.

Civ. No. 1776.

United States District Court
M. D. Tennessee, Nashville Division.

July 14, 1955.

---

James M. Swiggart, Nashville, Tenn., for plaintiff.

S. McP. Glasgow, Jr., Nashville, Tenn., for defendant.

DAVIES, District Judge.

The above entitled cause was heard before the Court on September 14, 1954.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. The plaintiff is a citizen of the State of North Carolina and the defendant is a corporation of the State of Washington and is licensed to do business and is doing business in the Middle Judicial District of Tennessee. The matter in controversy exceeds the sum of $3,000 exclusive of interest and costs.

2. On August 16, 1951, the defendant issued a policy of liability insurance to one John Wallace Fowler, being Policy No. 7A 6853 covering the period July 19, 1951, to July 19, 1952.

3. The pertinent parts of this insurance policy are as follows:

"Insuring Agreements

"I. Coverage A—Bodily injury liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"III. Definition of "insured." With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

"(a) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof.

"(b) to any employee with respect to injury to or sickness, disease, or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

"Exclusions

"This policy does not apply:

"(d) Under coverages A and C, to bodily injury to, or disease, sickness, or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."

4. The insuring agreement is made only with the named insured, Fowler, by the terms of the policy, but the policy gives the right to a person holding a final judgment against the insured unpaid for thirty days to sue the defendant for the benefits of the policy.

5. The plaintiff has obtained a final judgment in the amount of $8,750 with interest from September 11, 1952, as damages because of bodily injury sustained by the plaintiff, caused by an accident occurring at a time when one Conway Patterson was driving a Packard automobile covered by the said insurance, owned by the named insured, John Wallace Fowler, with the permission and consent of the insured, said judgment being obtained against Conway Patterson by reason of said Patterson's negligence, and against said Fowler by reason of the negligence of said Patterson while on the business of the said Fowler.

6. Said judgment was also rendered against others from whom plaintiff has recovered the sum of $4,454.27 plus interest through August 20, 1953, and he brings this suit to recover the balance due of $4,295.73 plus interest from August 20, 1953, said amount being unpaid for more than thirty days after the entry of said judgment.

7. At the time of the accident in question, August 3, 1951, the plaintiff, John Newton New, was an employee of Conway Patterson, Bob Webber and Bobby Whitfield, who were doing business under the name and style of Oak Ridge Quartet and was engaged in their employment, but said New was not an employee of the named insured, John Wallace Fowler.

8. The policy was purchased by Fowler in the State of Tennessee.

## Conclusions of Law

1. The Court has jurisdiction because of diversity of citizenship and amount.

2. Under Paragraph III of the Insuring Agreements of the policy sued on, there is set out a definition of the word "insured" which has the effect of designating what other persons or organizations, in addition to the insured named in the policy, may also be included within the meaning of "insured". John Wallace Fowler is the named insured and Conway Patterson is an additional insured under this paragraph of the policy.

3. If either Fowler or Patterson is entitled to be protected by this policy from his liability to the plaintiff, then the defendant is liable to the plaintiff under the policy.

4. If insurance had not been extended to Patterson under the definition of "insured", there is nothing in the policy to prevent Fowler from claiming protection from his liability to plaintiff.

5. This Court is bound by the law of the State of Tennessee to the extent it has been stated by the Courts of that State in the interpretation of this policy or any part thereof.

6. The law of the State of Tennessee is that both a named insured and an additional insured are entitled to protection against liability and the insurer has obligated itself absolutely and unconditionally to pay judgments against either. Associated Indemnity Corp. v. McAlexander, 168 Tenn. 424, 79 S.W.2d 556.

7. It is also the law of Tennessee that where words are so used in a contract of insurance that their meaning is ambiguous, or susceptible of two interpretations different in import, that interpretation which will sustain the claim of the policyholder and cover the loss should be adopted. Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S. W.2d 473, 72 A.L.R. 1368; English v. Virginia Surety Co., 196 Tenn. 426, 268 S.W.2d 338.

8. The fact that two interpretations of a clause of an insurance policy are possible demonstrates that there is an ambiguity in the policy. English v. Virginia Surety Co., 196 Tenn. 426, 268 S.W.2d 338.

9. The decision of this action depends upon the interpretation of the exclusion clause (d) together with the definition of "insured" clause.

10. The Court concludes that the policy involved here is subject to different interpretations when applied to the situation where there is more than one person included within the meaning of the term "insured". This being the case, the Court must adopt an interpretation which will grant protection under the policy against the claim of the injured party.

11. The Court further concludes that it was not intended by the contracting parties that the omnibus clause could be used to decrease the insurance protection afforded the named insured by the policy. The omnibus clause, or definition of insured, merely causes the insurance to cover persons other than the named insured. This clause creates liability insurance in favor of another and places no limitation on the protection purchased by the named insured.

12. The named insured in this policy has purchased and is entitled to protection against the claims of all persons with whom he has no employment relationship and who is to him a member of the public.

13. The exclusion clause uses the term "employee of the insured" rather than "any insured" or "all insureds" which means that it is directed to the situation of some particular insured. The term could apply to "the insured named in the policy", "the person qualifying as an additional insured" or "the insured calling for protection." When more than one person is included within the singular term, "the insured", an ambiguity results. In this case, the plaintiff was not the employee of the in-

sured (John Wallace Fowler) to the same extent that he was the employee of the insured (Conway Patterson). The plaintiff is also not the employee of the insured calling for protection, since John Wallace Fowler is entitled to call for protection. The Court is bound by Tennessee law to adopt any possible interpretation which will afford protection to the insured and, therefore, must conclude that the plaintiff injured party is not the employee of the insured within the meaning of the exclusion and that the exclusion does not apply in this case.

14. In the determination of the obligation of an insurer to protect the named insured against the claims of any injured party, it is not necessary to consider the definition of insured by which protection is extended to other persons, and, for this purpose, the named insured is the only person considered in determining the applicability of the exclusion clause. Since the named insured was not the employer of the injured party, the exclusion does not apply to defendant's obligation to protect the named insured.

15. Since there are several different interpretations of the subject insurance policy when considering the facts of this case which protect the named insured, John Wallace Fowler, from his liability to the plaintiff, the Court need not adopt any one interpretation to the exclusion of others but must merely hold that the defendant is legally obligated to protect the named insured from his liability to the plaintiff and that the plaintiff is, therefore, legally entitled to recover from the defendant the amount of the named insured's liability to him or the limit of the policy, whichever is smaller.

16. The defendant is liable to the plaintiff in the amount of $4,295.73, plus interest from August 20, 1953, for which judgment will be entered.