PATRICK C. GARNER, Complainant, Appellee, v.
AMERICAN HOME ASSURANCE CO., Defendant,
Appellant. —460 S.W.2d 358.

Eastern Section. May 14, 1969.

Certiorari Denied by Supreme Court January 19, 1970.

174

Craig Cook and Noone, Stringer & Bowles, Chattanooga, for appellant.

Ray Siener, Chattanooga, for appellee.

McAMIS, P.J. This is an action for a declaratory decree and for a recovery of disability benefits alleged to be due under a certificate of insurance issued under a master policy held by Chamberlain Company Realtors. The master policy covers persons owing the Chamberlain Company under installment mortgages and provides generally for payment of monthly installments in event the mortgagor becomes totally disabled.

The specific issue before the Chancellor was whether the disability benefits continue after age 65. On this issue the Chancellor considered a prospectus issued by the Company and a letter written by Chamberlain Company as agent for the Company, along with the policy provisions and found the policy ambiguous. Accordingly, the Chancellor held the insurer bound to continue paying benefits after age 65.

On September 7, 1957, when complainant was 57 years of age he mortgaged his home to the Chamberlain Company for $9,400.00 payable over a period of 25 years. At that time the Chamberlain Company had a group policy covering its mortgagors in Volunteer State Life Insurance Company. The Volunteer policy was later cancelled

and on July 1, 1965, it was replaced by a policy in defendant American Home Assurance Company.

On or before July 1, 1965, the Chamberlain Company wrote its borrowers, including complainant, advising them of this change and calling attention to certain changes in benefits which it considered more favorable under the new policy. The letter enclosed a prospectus furnished by defendant and a certificate which was to be returned at the borrower's election. Complainant thereafter paid the required premiums under the new certificate until he became totally disabled on October 15, 1965.

The Company made monthly payments of benefits from that date until May 10, 1968, when the insured became 65, but refused to make further payments. This suit resulted.

After defining "Retirement" as "attainment by the Insured Mortgagor of 65 years of age or ceasing to be gainfully employed" the certificate in pertinent part provides:

"The Company will continue to pay the daily benefits for so long as the Insured Mortgagor is so disabled, but in no event beyond the earliest of the following dates: (1) 25 years from the effective date of insurance of the Insured Mortgagor; (2) *the date the Insured Mortgagor attains retirement;* (3) the original expiration date of the Insured Mortgagor's indebtedness with the Mortgagee or the date on which said indebtedness is terminated by reason of prepayment, renewal, refinancing or otherwise." (Emphasis ours)

In the absence of a charge of mistake or fraud or a policy reference to the prospectus, the first assignment

that the Chancellor erred in admitting in evidence the letter of Chamberlain Company and the Company's prospectus must be sustained, unless the policy provision in question is found to be ambiguous.

In Knickerbocker Life Insurance Company v. Heidel, 76 Tenn. 488, at p. 497, the Supreme Court said:

"It is the prospectus which contains the clause relied on (by the insured). The statements of the prospectus, unless made a part of the contract, would merely be representations, like the representations in relation to the dividends, and could only be looked to on the question of fraud which would avoid the contract. The reference to the prospectus on the back of the policy would not change the result, for the obvious reason that it does not show an intent that the prospectus should form a part of the contract."

The rule of the Heidel case is generally approved by the authorities:

"Representations made in a prospectus, circular, or other papers issued by insurer or its agent are generally construed not to be a part of the contract evidenced by a policy, especially where the prospectus or paper, containing the representations is not referred to, or attached to, the policy, or where, although attached there is no reference in either the policy or the paper to the other; or where the representation or illustration was made by an agent without proper authority therefor. However, there is authority to the contrary, as where the representation or illustration is made and attached to the policy as an inducement to insured to accept the policy, and is understood by him to be a part of the contract."

44 C.J.S. Insurance sec. 299, p. 1202. See also 29A Am. Jur. 968, Insurance Section 1913.

■ We turn then to the question: Is the material portion of the certificate ambiguous? We think not, though we agree with the Chancellor that that part of the definition of "Retirement" relating to cessation of gainful employment may be said to be ambiguous, since it can be construed as contrary to the whole purpose of the policy, namely, to provide insurance for installment payments when the insured is not gainfully employed and, if strictly applied, would lead to the absurd result that where the insured ceases gainful employment even though due to disability no payments would be due.

However, the Company, has never relied upon this absurd construction of the policy. On the contrary it has removed any doubt as to its meaning by paying all benefits accruing between the date disability commenced and the insured's 65th birthday.

■ The acts of practical construction placed upon a contract by the parties themselves are binding and may be resorted to to remove an ambiguity or uncertainty. Restatement, Contracts 32, Comment C; Daily v. Minnick, 117 Iowa 563, 91 N.W. 913; 17 Am.Jur.2d 418, Contracts, Section 78.

The only remaining question is whether there is any ambiguity relevant to the insured being retired, in the sense of the policy definition, when he attained age 65. We can find none.

That portion of the definition of "retirement" which says it shall mean "attainment by the Insured Mortgagor of 65 years of age" can only mean that when the insured

reaches that age he is retired in the sense of the policy. The next following paragraph expressly states that no benefits will be paid beyond retirement. Though payment of benefits might be cut off before retirement under provisions (1) and (3), supra, benefits in no case would be payable after the date of retirement due to the insured having reached age 65.

■ An ambiguity not relevant to the issue before the Court and which has been removed by a construction placed on the contract by the party against whom enforcement of the contract is sought cannot in our opinion be the basis for allowing parol evidence touching a separate and independent provision of the contract.

■ The rule is that where the ambiguity is confined to a particular provision of the writing the extrinsic evidence must be confined to such provision. Stewart v. Phoenix Ins. Co., 77 Tenn. 104, 110; Achen v. Pepsi-Cola Bottling Co. of Los Angeles, 105 Cal.App.2d 113, 233 P.2d 74; Universal Film Exchanges, Inc. v. Viking Theatre Corp., 161 A.2d 610, 400 Pa. 27; Patton v. Crews, Tex.Civ.App., 264 S.W.2d 467; 32A C.J.S. Evidence sec. 959(1), p. 384.

■ If we are correct in holding there is no ambiguity relevant to retirement at age 65, it follows that the agent's letter and the prospectus were improperly admitted.

■ And this provision of the contract being plain and unambiguous must be given effect. It is our duty to give effect to the policy considered as a whole and reject no part of it which may, by a reasonable interpretation, be saved.

"An insurance policy and its endorsements are to be read as a whole, all provisions of the policy being construed together, rejecting no part of the policy which may, by a reasonable construction, be saved. Laurenzi v. Atlas Ins. Co., 131 Tenn. 644, 176 S.W. 1022; Holmes v. Elder, 170 Tenn. 257, 265, 94 S.W.2d 390, 104 A.L.R. 1282; Bank of Commerce & Trust Co. v. Northwestern Nat. Life Ins. Co., 160 Tenn. 551, 559, 26 S.W.2d 135, 68 A.L.R. 1380; Colley v. Pearl Assur. Co., 184 Tenn. 11, 195 S.W.2d 15; Park Corp. v. Great American Indemnity Co., 187 Tenn. 79, 83, 213 S.W.2d 12; 29 Am.Jur., Insurance, Sec. 162; Blashfield Cyc. of Auto. Law & Practice, Sec. 3521." English v. Virginia Surety Co., 196 Tenn. 426, 430, 268 S.W.2d 338, 340.

In the view indicated it becomes unnecessary to consider the question of waiver upon which the Chancellor relied in part in holding the insurer liable for benefits beyond age 65.

It results the decree must be reversed and the suit dismissed. Since, apparently, the ambiguity in the policy relating to retirement upon the policy holder ceasing to be gainfully employed at least partially brought about this litigation, in the exercise of our discretion, costs of both counts will be adjudged to the American Home Assurance Co. and surety on its appeal bond.

Cooper and Parrott, JJ., concur.

## ON PETITION TO REHEAR

McAmis, P.J.

Patrick C. Garner has filed an earnest Petition to Rehear again relying on the ambiguity discussed in our original opinion and insisting that under his prayer for

general relief he is entitled to rely upon fraud, accident or mistake.

The purpose of a pleading is to define the issues to be tried and to apprise the adverse party of the charges made against him. There is nothing in the pleadings to suggest to defendant that it was being charged with fraud or that an accident or mistake was made in delineating the coverage afforded by the contract. The prayer for general relief can not be said to constitute a basis for charging fraud, accident or mistake. We fully set forth our view as to the alleged ambiguity in the original opinion. Nothing new has been brought to our attention by the petition to rehear.

We gave the case our most careful consideration upon the original hearing and after further consideration are satisfied the correct result was reached.

The Petition must be denied at the cost of petitioner.

Cooper and Parrott, JJ., concur.