ANDY SAMPLEY v. THE BEACON MUTUAL
INDEMNITY COMPANY. No. 199.—470 S.W.2d 614

Eastern Section. February 12, 1971.

Certiorari Denied by Supreme Court August 2, 1971.

Campbell & Campbell, Chattanooga, for appellant.

Hargraves, Curtis & Powers, Chattanooga, for appellee.

SANDERS, J. This suit was brought in the Chancery Court of Hamilton County to recover expenses of attorney's fees for defending a suit which Plaintiff's insurance carrier refused to defend on the theory that there was no coverage under the policy.

The parties will be referred to as Plaintiff, Andy Sampley, and Defendant, The Beacon Mutual Indemnity Company, as they appeared in the court below.

Defendant had issued its policy of insurance to Plaintiff for automobile public liability and property damage and same was in effect on January 21, 1965, when the Plaintiff's teen-age son, Mike Sampley, was involved in an automobile accident. The automobile which the son

was driving had been taken by him without the permission of the owner, was being driven without the consent of his father, and was, in fact, a stolen automobile.

Considerable litigation grew out of the accident and, as pertinent here, three judgments were rendered against Mike Sampley. Alvin Wallin obtained a judgment for $11,000, John Wallin a judgment for $5,000, and Homer Young a judgment for $750. Alvin Wallin and John Wallin subsequently recovered the amount of their judgments from Bankers Fire & Marine Insurance Co. under the uninsured motorist provision of their policy and Bankers Fire & Marine Insurance Co. was subrogated to their rights.

Sometime prior to the accident the Plaintiff had signed an application for a driver's license for his son, Mike Sampley, agreeing to assume the obligation imposed under T.C.A. 59-704.

Bankers Fire & Marine Insurance Co. and Homer Young subsequently brought separate suits against the Plaintiff to recover the amount of their respective judgments on the theory that he, Plaintiff, was liable under T.C.A. 59-704(d), which reads as follows:

"Any negligence or willful misconduct or violation of any motor vehicle law of this state or any municipality thereof by a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway or street shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages or fines occasioned by

such negligence, willful misconduct, or violation, except as otherwise provided in the next succeeding paragraph.''

Upon receiving notice of each of these suits, Plaintiff requested Defendant to defend the suits, which Defendant declined to do on the theory the suits were in contract outside of the coverage of the policy. Plaintiff employed attorneys to defend the suits and incurred expenses in the sum of approximately $1,800. for which he brought this suit to recover.

The case was tried before The Honorable Ray L. Brock, Jr., Chancellor, where the only pertinent issue was whether or not the complaints as filed alleged a cause of action which the Defendant, under the terms of its policy, was required to defend.

The Chancellor resolved this issue in favor of the Plaintiff and entered a judgment for $1,880.15 against the Defendant, from which it has perfected its appeal to this court and assigned errors.

The Defendant has assigned 13 assignments of error, but we do not deem it necessary to discuss each of them for a proper disposition of this case.

Defendant's third assignment of error is:

"The Court erred in failing to hold that the judgments in the two suits of Alvin Wallin and Johnny Wallin v. Bankers Fire & Marine Insurance Co., Beacon Mutual Insurance Company, National Indemnity Insurance Co., and Michael Sampley, Nos. 7565 and 7566 respectively, in the Circuit Court of Hamilton

County, Tennessee, and the holding in these cases that Beacon Mutual had no coverage and thus no duty to defend any subsequent suits, and the affirmance of this holding by the Tennessee Court of Appeals was decisive of the case and the matters herein involved * * *.''

The pertinent portions of the insurance policy upon which this suit is predicated are as follows:

''* * *. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * *

\* \* \* \* \* \*

''B. * * *; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages *which are payable under the terms of this policy,* even if any of the allegations of the suit are groundless, false or fraudulent; * * *.

\* \* \* \* \* \*

''CONDITIONS

\* \* \* \* \* \*

''6. Assistance and Cooperation of the Insured— * * *. The insured shall not, except at his own cost, voluntarily make any payment, *assume any obligation* or incur any expense * * *.'' (Emphasis Ours)

The original bill in one of the suits which the Defendant declined to defend, alleges:

"The defendant, Andy Sampley, in order to obtain a driver's license for his son, filed an agreement with the State of Tennessee imputing any negligence of defendant's son to the defendant, Andy Sampley. The complainant would show that he is a third party beneficiary under this agreement, and as such is entitled to recover from the defendant Sampley. A true and correct copy of this agreement filed with the State of Tennessee is here to the Court shown and made a part hereof, and marked Exhibit 'A', but not for copy.
\* \* \* \* ''

The other suit which Defendant declined to defend was predicated on the same theory.

The question before this court is whether or not the coverage in the policy issued by the Defendant to the Plaintiff is broad enough to encompass this cause of action.

In this case there would be no obligation for the insurance company, under its contract, to defend a suit which seeks recovery upon a ground for which it would not be obligated to indemnify the insured. In the case of Park Corporation v. Great American Indemnity Co., 187 Tenn. 79, 213 S.W.2d 12, the court said:

"The Chancellor, in a very able opinion, reached the conclusion that it was not the obligation of the insurance company under this contract to defend a suit which sought a recovery upon a ground for which the insur-

ance company was not obligated to indemnify its insured, Park Corporation.''

In the same case the court cited with approval from A.L.R.:

" 'By its policy of insurance the plaintiff agreed to defend on behalf of the insured and in his name ''any suit, coming within the terms of this Policy, seeking damages on account of [bodily injuries, death or destruction or property] even if such suit is groundless, false or fraudulent.'' This clause, in keeping with its provisions, has been generally construed to obligate the insurer to defend suits, even though groundless, false or fraudulent, upon *only* those claims for which it has assumed liability under the terms of its policy.' ''

7 Am.Jur.2d Automobile Insurance sec. 165 Justified Refusal, 497:

''If an automobile liability insurer refuses to defend an action brought against the insured, basing its refusal on the ground that it is under no duty to defend because the claim upon which the action against the insured is founded is not within the coverage of the policy, and it appears that such claim actually is outside the policy coverage, the refusal of the insurer to defend does not constitute a breach of contract but, on the contrary, is a justified refusal, and the insurer obviously incurs no legal liability by its action. This rather obvious rule applies despite the policy obligation of the insurer to defend all suits even though the allegations therein are groundless, false, or fictitious. And as far as the applicability of the rule of non-liability is concerned, the type of claim made against

the insurer—be it the amount of a judgment rendered against the insured, or the amount of a settlement made by the insured, or the amount of attorneys' fees and costs incurred by the insured in defending an action brought against him—is immaterial.''

In the case which Alvin Wallin and John Wallin brought against Bankers Fire & Marine Insurance Co. in Hamilton County under the uninsured motorist provision of their policy, which has been heretofore referred to, the question of whether or not Defendant's, Beacon Mutual Insurance Company's, policy issued to the Plaintiff was broad enough to cover his liability growing out of the indemnification agreement executed pursuant to T.C.A. 59-704, was before that court for determination and the trial court held that it was not.

The judgment of the trial court on this point is as follows:

"Beacon Mutual Insurance Company's policy insuring the liability of Andy Sampley is not broad enough to cover his liability growing out of the indemnification agreement executed pursuant to statute enabling his son, Michael Sampley, to procure an operator's license.''

An appeal was filed from this judgment perfecting an appeal to the Eastern Section of the Court of Appeals and this court, in a *per curiam* filed May 3, 1968, concurred in the trial court's conclusion as follows:

"After the above motions were filed, plaintiff in error filed a supplemental assignment directed to the trial judge's conclusion that Beacon Mutual Insurance

Company's policy insuring the liability of Andy Sampley is not broad enough to cover his liability growing out of the indemnification agreement executed pursuant to statute enabling his son, Michael Sampley, to procure an operator's license.

"We have considered the specimen policy of insurance in the technical record in light of the facts found by the trial judge and concur in the trial judge's conclusion."

Both the judgment of the trial court and the opinion of the court of appeals are a part of the bill of exceptions in this case and were before the chancellor for his consideration at the time of his determination of this case.

The review of this court of any issue of fact or of law is *de novo* upon the record of the trial court accompanied by a presumption of the correctness of the judgment of the trial court under T.C.A. 27-303, unless the preponderance of the evidence is otherwise.

To affirm the judgment of the chancellor in this case would, in effect, be reversing the judgment of this court that the coverage under the policy was not broad enough to cover liability growing out of the indemnity agreement executed by the Plaintiff. Since there was no coverage under the policy, there was likewise no obligation of the Defendant to defend.

The assignment of error of the Defendant is sustained, the judgment of the chancellor is reversed, and the case dismissed.

The cost of this appeal is taxed to the Plaintiff.

Cooper, P.J. (E.S.), and Parrott, J., concur.