Ronnie L. JONES, Plaintiff-Appellee,

v.

Gene BROOKS, Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Sept. 3, 1985.

Frank P. Cantwell, Jr., Morristown, for plaintiff-appellee.

Clinton R. Anderson, Morristown, for defendant-appellant.

OPINION

BROCK, Justice.

In the fall of 1982, the parties entered into a partnership to own and operate a restaurant, Genelli's, in Morristown. Genelli's subsequently closed and was later reopened as Casey's. The partnership was dissolved, leading to this dispute over which party is responsible for the payment of certain state and federal taxes owed by the partnership.

In dissolving the partnership, the parties executed a written agreement on April 26, 1983. One of the stated premises of the agreement was that it was "the desire of the parties ... to ... make provisions for the payment of all obligations arising out of the conduct of the businesses known as Genelli's and Casey's...." The pertinent provision of the dissolution agreement is as follows:

"1. As to accounts payable arising out of the conduct of the restaurant known as Genelli's, Brooks hereby agrees to pay, in its entirety, the obligation owing

to Hale Brothers and has obtained from Hale Brothers a written release from any liability for Jones, a copy of which is attached hereto. *Jones hereby agrees to assume complete responsibility for all known Genelli's accounts amounting to an amount in excess of $13,000.00 as per attached list hereto* and further will obtain from all of the creditors listed thereon a release from liability of Brooks for any of the obligations amounting to $500.00 or more. Jones hereby agrees to defend and hold harmless Bróoks from any claims made as a result of those obligations listed on the attached list hereto and *Brooks hereby agrees to defend and hold harmless Jones on the Hale Brothers account and any debt unknown at this time arising out of the operation of Genelli's.*" (Emphasis added.)

The taxes in question, state unemployment taxes and FICA taxes, were not included in the attached list to which the quoted provision refers.

The plaintiff brought suit contending that the tax debts in question were not known to him when he entered into the agreement on April 26, 1983, and were not contained on the list attached to the agreement, and that the debts were therefore the obligation of the defendant. He sought to compel defendant to promptly satisfy the debts, and to reimburse him for any amount which he had paid or was forced to pay on the debts. The defendant answered, denying that the debts were his obligation. He also filed a counter-claim, alleging that plaintiff had omitted the tax debts from the agreement by fraud.

The trial court looked to parol evidence and found that the existence of the debt in question was known to plaintiff when the dissolution agreement was executed. As a result, the trial court concluded that defendant did not assume responsibility under the agreement for the payment of the tax debts, because he agreed to pay only the Hale Brothers account and all *"unknown"* debts. The court also implicitly found that the "known debts" for which

plaintiff assumed responsibility were not limited to those contained in the list which was made a part of the agreement. Accordingly, it declared that plaintiff was responsible for the payment of the state and federal taxes. Finally, on defendant's counter suit, it held that there was no evidence of fraud on the part of the plaintiff.

The Court of Appeals reversed the judgment of the trial court, holding that under the parol evidence rule, the trial judge erred in considering evidence other than the agreement in question because the contractual provisions were unambiguous. It concluded that plaintiff's obligation to pay the known debts of the business was limited to payment of those debts contained in the list attached to the dissolution agreement. It concurred in the trial court's finding that there was no evidence of fraud on the part of the plaintiff.

■ In general, where there is no ambiguity in a contract, parol evidence is not admissible to vary the plain meaning of its terms. *Moore v. Moore*, Tenn.App., 603 S.W.2d 736 (1980); *Garner v. American Home Assurance Co.*, 62 Tenn.App. 172, 460 S.W.2d 358 (1969). However, where there exists an ambiguity in a contract, parol evidence is admissible to explain the actual agreement. *Anderson v. Sharp*, 195 Tenn. 274, 259 S.W.2d 521 (1953); *Mills v. Wm. Faris & Co.*, 59 Tenn. (12 Heisk.) 451 (1873).

■ It is our opinion that the dissolution agreement is ambiguous with respect to which party is responsible for known debts which are not included on the list. The language "all known Genelli's accounts amounting to an amount in excess of $13,-000.00 as per attached list ..." may be interpreted as limiting plaintiff's obligation to payment of those accounts listed, which is the interpretation adopted by the Court of Appeals below. That interpretation is supported by the fact that the agreement provides that defendant is to hold plaintiff

harmless for "any claims made as a result of those obligations listed on the attached list." However, the language may also reasonably be interpreted as including all known debts, even known debts which, through oversight or otherwise, were not listed. Under such an interpretation, the list would be for the purpose of description rather than limitation. The latter interpretation is supported by the fact that defendant's obligation was expressed in terms of debts "unknown at this time," rather than in terms of all debts other than those contained in the attached list. Being subject to two reasonable interpretations, the language is ambiguous, and therefore the Chancellor properly considered parol evidence.

■ The plaintiff's proof consisted of his own testimony. He testified that at the time the agreement was executed on April 26, 1983, he was unaware that the taxes were owed. He stated that before the agreement was executed, defendant brought to his attention two accounts which were not on the list, and that he paid those. Defendant's proof showed that prior to the execution of the agreement, the bookkeeper showed plaintiff a copy of the federal and state quarterly tax reports for the business, which plaintiff retained for some time. When the agreement was executed, defendant assumed that plaintiff, who had taken possession of the business's checkbook and had been paying the bills, had previously paid any taxes due. The preponderance of the evidence supports the trial court's finding that the tax debts in question were known debts, and also its construction of the dissolution agreement as requiring plaintiff to pay them.

The judgment of the Court of Appeals is reversed and that of the trial court is reinstated. Costs of this appeal are taxed against the plaintiff-appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.