ADMIRAL CORPORATION, Plaintiff,

v.

CERULLO ELECTRIC SUPPLY CO., Inc., Defendant.

Civ. A. No. 6842.

United States District Court
M. D. Pennsylvania.

May 23, 1961.

O'Brien, Driscoll & Raftery, George A. Raftery and William D. Friedmann, New York City, Bedford, Waller, Griffith, Darling & Mitchell, Wilkes-Barre, Pa., J. Thirwall Griffith, Wilkes-Barre, Pa., of counsel, for plaintiff.

Anthony J. Ciotola, Hazelton, Pa., Reynolds, Reynolds & Doran, and Robert J. Doran, Wilkes-Barre, Pa., of counsel, for defendant.

JOHN W. MURPHY, Chief Judge.

In this diversity action, plaintiff, with supporting affidavits, moves for summary judgment, Rule 56(a), F.R.Civ.P., 28 U.S.C.A., upon its claim, as amended, against defendant for $128,898.33.

■ "Summary judgment may be granted only if the pleadings, depositions, admissions on file and affidavits ' * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'." Krieger v. Ownership Corp., 3 Cir.1959, 270 F.2d 265, 270.

■ In passing upon such a motion it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir.1942, 130 F.2d 1016, 1018.

■ Affidavits may be considered for the purpose of ascertaining whether an issue of fact is presented but they cannot be used as a basis for deciding the fact issue. Frederick Hart & Co. v.

Recordgraph Corp., 3 Cir.1948, 169 F.2d 580, 581.

From January 4, 1956, until October 1, 1959, defendant, pursuant to a Distributor's Contract, as extended and amended, was the distributor of plaintiff's branded products in eighteen counties in northeastern Pennsylvania. Although Par. C(2)b of the original contract spoke in terms of 30 days' written notice of termination, the parties agreed April 13, 1959, that thereafter the contract might be terminated forthwith by either party. By letter September 30, 1959, plaintiff notified defendant that effective October 1, 1959, all business relationship between them was terminated. Statements reflecting the status of defendant's account with plaintiff were exchanged.

■ State law governs in general the rights and duties of the parties. Kelly v. Kosuga, 1959, 358 U.S. 516, 519, 79 S.Ct. 429, 3 L.Ed.2d 475.

Par. C(12) provided: "This agreement is executed in and shall be governed, construed and interpreted according to the laws of the State of Illinois."

■ Following the conflict of laws rules of Pennsylvania, we must look to the law of Illinois to determine the rights and obligations of the parties in interpreting the contract. Parkway Baking Co. v. Freihofer Baking Co., 3 Cir. 1958, 255 F.2d 641, 646.

■ In Illinois the intention of the parties to a contract is determined by the language of the contract itself and the courts may not construe into a writing provisions that are not there. Parkway Baking Co. v. Freihofer Baking Co., supra Id., citing Illinois cases.

Par. C(8) provides: "This agreement as written shall constitute the entire contract between the parties * * *."

■ Under Illinois law the parties may define their rights and obligations independent of statute by fixing a definite period within which notice of claim or suit must be brought. Baker v. Baker, 1908, 139 Ill.App. 217, 230; see Note 121 A.L.R. 758, 759 et seq., and see Baruch v. D. G. Dery Inc., Sup.1921, 188 N.Y.S. 453, 454, and Society Brand Hat Co. v. Felco Fabrics Corp., D.C.S.D. N.Y.1950, 92 F.Supp. 499, 501; Elliott-McGowan Productions v. Republic Productions, D.C.S.D.N.Y.1956, 145 F.Supp. 48, 49; Gifford v. Travelers Protective Ass'n, 9 Cir., 1946, 153 F.2d 209, 211; Mulvihill v. Furness, Withy & Co., D.C. S.D.N.Y.1955, 136 F.Supp. 201. As to notice, see and cf. Texas Motorcoaches v. A. C. F. Motors Co., 3 Cir.1946, 154 F.2d 91, 94, 95.

■ Where there is an express provision in a contract requiring notice of claim or breach of contract, Illinois courts consider such notice provision to be material and a condition precedent to enforcement. See Eichelroth v. Long, 1910, 156 Ill.App. 108, 110.

Par. C(7) provides: "If, during the term of this agreement, Distributor shall have reason to believe it has any claim against Admiral in respect of any transaction growing out of this agreement it shall in writing notify Admiral within 30 days after Distributor knows or has reason to know the basis of any such claim. Failure to give such notice shall relieve Admiral from any and all liability on any such claim. After the termination of this agreement, Admiral shall be relieved from any and all liability on any claim in respect of any transaction growing out of this agreement, notice and full details of which are not given to Admiral in writing within 30 days after such termination. The provisions of this paragraph (7) shall survive the termination of other portions of this agreement."

December 11, 1959, plaintiff filed a two page, eight paragraph complaint claiming $124,839.94, consisting of a balance due on a trade acceptance, on an open account, and various debits and

credits arising upon termination of their relationship.[1]

February 6, 1960, defendant in a thirty-three page answer, containing eighty-two paragraphs, admits the contract, that its terms are binding upon and govern the relationship between the parties, the trade acceptance and plaintiff's election to release defendant of its obligation to make inwarranty replacements of parts effective November 4, 1959.

Rule 8(b) provides: "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * * Denials shall fairly meet the substance of the averments denied. * * *" Rule 8 (e): "Each averment of a pleading shall be simple, concise, and direct. * * *"

Defendant denies plaintiff is entitled to the amount claimed, asserting for the first time by means of four partial affirmative defenses and setoffs that it is entitled to additional credits: (a) advertising allowances $3,707.76 (cf. statements exchanged by the parties); (b) merchandise returned $4,912.05 (cf. the amendment to which defendant did not object); (c) reimbursement occasioned by plaintiff's failure to make inwarranty replacements and repairs after November 4, 1959, thereby requiring defendant to do so to an extent unknown; (d) price discrimination by plaintiff contrary to Par. A(3) which should reduce pro tanto the balance due, the amount whereof will be proven at the trial. Defendant then asserts five counterclaims: (1) damages resulting from excessive prices charged by plaintiff and loss of profits (cf. Par. C(2)b); (2) economic pressure and false representation by plaintiff to have defendant continue as distributor (resulting in conduct required by the contract), and loss of inventory values and accounts receivable caused by plaintiff's wrongful termination of the contract (but cf. agreement of April 13, 1959); (3) breach of warranties; (4) violation of § 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C.A. §§ 13, 15; (5) violation of § 1 of the Sherman Act, 15 U.S.C.A. § 1, § 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13(a) (f), and see 15 U.S.C.A. § 15.

| I. | | | |
|---|---|---|---|
| 1. | Trade Acceptance due Sept. 30, 1959 | $205,810.91 | |
| 2. | Distributor's Service Obligation as of November 4, 1959 | 2,515.95 | |
| 3. | Payment short | 65.00 | |
| 4. | Cash | | $35,000.00 |
| 5. | Major Products—Invoices | 7,239.22 | |
| 6. | Major Products—Credit Memos (including $49,929.00 merchandise accepted back by plaintiff—credit memos 8–10259 through 8–10276 | | 50,780.02 |
| 7. | Service—Invoices | 3,462.55 | |
| 8. | Service—Credit Memos | | 4,765.13 |
| 9. | Advertising—Invoices | 694.92 | |
| 10. | Advertising—Credit Memos | | 2,480.67 |
| | | | 58.50 |
| 11. | Credit for accessories accepted by plaintiff | | 848.97 |
| 12. | Credit for advertising material accepted by plaintiff | | 1,015.32 |
| | | $219,788.55 | $94,948.81 |
| | Balance owed to plaintiff | $124,839.94 | |

Thereafter plaintiff suggested that after the complaint was filed correction of duplicate credit memos increased the balance due to a total of $128,898.33, and moved under Rule 15(a) (c) to amend. Defendant having no objection the amendment was allowed. See Smith v. Piper Aircraft, D.C.M.D.Pa.1955, 18 F.R.D. 169, 174.

 Statutory price discrimination and illegality per se may not be used as defense to a claim for breach of contract. See Kelly v. Kosuga, supra, 358 U.S. at 518, 79 S.Ct. at 430, 3 L.Ed.2d 475; Bruce's Juices Inc. v. American Can Co., 1947, 330 U.S. 743, 755, 67 S.Ct. 1015, 91 L.Ed. 1219; Universal Film Exchanges Inc. v. Viking Theatre Corp., 1960, 400 Pa. 27, 33, 161 A.2d 610. Plaintiff's motion to sever the fourth and fifth counterclaims for trial purposes, Rule 42(b) and see Rule 21, is granted. See Philadelphia Dressed Beef Co. v. Wilson & Co., D.C.E.D.Pa.1956, 19 F.R.D. 198, 200.[2]

Although the subject matter of plaintiff's claim was brought to defendant's attention, no timely notice in compliance with Par. C(7) was ever given of any variance in allowances for advertising, merchandise returned, claims for inwarranty replacements or repairs, price discrimination, economic pressure or false representations, of any claim for wrongful termination, of any claim for breach of warranty, or any alleged violations of the anti-trust laws.

 Absent Par. C(7), it would appear that the proper course would be to deny the motion for summary judgment and to submit the several disputed items to the jury for their determination. In view of Par. C(7), however, a reading of the pleadings and affidavit in this case indicates that there is no genuine issue of material fact which is not expressly foreclosed by the terms of the contract by which the parties are bound, and that plaintiff is entitled to judgment as a matter of law.

 The cardinal rule is to ascertain the intention of the parties. The law presumes the parties understood the import of their contract and that they had the intention which its terms expressed. When a contract is clear and unequivocal, its meaning must be determined by its contents alone. Salant v. Fox, 3 Cir., 1921, 271 F. 449, 451, and see Universal Film Exchanges v. Viking Theatre Corp., supra, 400 Pa. at 42, 161 A.2d at 619. For a case particularly apposite, see Emerson Radio and Phonograph Corp. v. E. G. Hendrix, D.C.S.D.N.Y.1957, 20 F. R.D. 572, 574, 575.

Summary judgment will therefore be directed to be entered in favor of the plaintiff and against the defendant for $128,898.33.

2. Although defendant's answer is not a model to be followed, we shall put plaintiff's motion to strike the answer, affirmative defenses and counterclaims, Rule 12 (f), and general denials, Rule 8(b) (e), as well as Par. 71, 82 (as to Par. 71 and 82 defendant has no objection to the motion to strike) to one side and pass upon the motion for summary judgment; likewise as to plaintiff's motion for judgment on the pleadings, Rule 12 (c), not yet complete. See Edelman v. Locker, D.C.E.D.Pa.1946, 6 F.R.D. 272, 274.

March 1, 1960, defendant served twenty-two interrogatories. By stipulation the parties enlarged the time to answer or otherwise plead or move, preserving plaintiff's right to object thereto until settlement discussions failed, and preliminary motions addressed to defendant's pleadings were filed and decided. Answer to the interrogatories would not change the result herein or aid the court in the determination of plaintiff's motion for summary judgment. Defendant's motion for a continuance is denied.