unconstitutional certification hearing was harmless error. *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824 (1967).

Coal Operators Casualty Co., Appellant, *v.*
Charles T. Easterby & Co., Inc.

Argued May 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

Leon *Rosenfield*, with him *Alfred Sarowitz*, for appellant.

*Louis J. Carter*, for appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

This is an appeal from an order of the court below denying a motion for judgment on the pleadings in an assumpsit action instituted by Coal Operators Casualty Co., an insurance company [appellant], against Charles T. Easterby & Co., Inc., an incorporated insurance agency [appellee], to recover insurance premiums due under a written agency agreement existing between the parties.

On January 6, 1961, a contract was executed between appellant's state agent and appellee whereby the appellee was authorized to write insurance policies and collect premiums for and on behalf of appellant in the counties of Philadelphia, Bucks, Montgomery, Delaware and Chester, Pennsylvania. One paragraph of that agreement provided, ". . . the Company reserves the right to appoint and license other agents within said territory, at its discretion." The contract further stated, ". . . its terms embody all agreements existing between the State Agent and [appellee]. . . ." Notwithstanding this language, it was appellee's understanding that it was the *exclusive* agent in the aforementioned counties. In support of this belief, appellee attached to its plead-

ings a copy of a letter in its possession dated November 26, 1963, signed by appellant's chairman, wherein it was stated, "At the time this arrangement was made [appellee] was appointed the *exclusive* general agent for the Counties of Philadelphia, Bucks, Chester, Delaware and Montgomery, Pennsylvania." (Emphasis added.)

Commencing in the fall of 1963, appellee sent no remittances to appellant although it continued to collect premiums and it appears from appellee's allegations that, at that time, appellant, through its various agents, officers and employees, began to interfere with appellee's alleged exclusive agency, causing loss to appellee's business. The agreement was admittedly terminated when appellee fell into arrears.

On November 7, 1968, appellant filed a complaint in assumpsit in the Court of Common Pleas of Philadelphia alleging non-payment of premium collections due appellant and demanding judgment for that amount[1] with interest. Appellee answered and counterclaimed, alleging the contract was not the *entire* agreement insofar as it had an exclusive agency and demanding judgment for the breach thereof in an amount in excess of appellant's claim. Preliminary objections to the answer and counterclaim were filed and tentatively resolved by a stipulation whereby appellee was allowed to file an amended answer, new matter and counterclaim.[2] Following a reply to the amended new matter and amended counterclaim, appellant moved for judgment on the pleadings. The motion was refused and

---

[1] While the claimed figure ($20,688.71) was disputed, appellee did admit nonpayment of premiums in a lesser amount ($20,143.22). It is for this latter amount that appellant requested a judgment on the pleadings.

[2] For the sake of brevity, these changes did not substantially alter the basic issue below of whether there was an exclusive agency.

this appeal was taken from the refusal to grant that motion.[3]

Preliminarily, it must be noted that to grant a motion for judgment on the pleadings a court must be confronted with a very clear case. "In order to succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that 'a trial would clearly be a fruitless exercise.' Bata v. Central Penn Nat. Bank of Phila., 423 Pa. 373, 378, 224 A. 2d 174, 178 (1966)." *Goldman v. McShain,* 432 Pa. 61, 68, 247 A. 2d 455, 458 (1968). Thus, if there is any issue of fact which is unresolved, no motion for judgment on the pleadings should be granted. Analogous to the motion for a judgment on the pleadings is the motion for summary judgment and in connection with the latter procedure, we recently stated: "The applicability and effect of the parol evidence rule are properly considered in the context of a motion for summary judgment. [Citations omitted.] There is no logical reason for forcing the parties to go to trial when there could be no genuine issue as to a material fact, regardless of the reasons for the lack of such issues. Of course, if there are factual issues bearing on the applicability of the parol evidence rule or other genuine issues as to material facts, then the case ought properly proceed to trial." *Rose v. Food Fair Stores, Inc.,* 437 Pa. 117, 120, 262 A. 2d 851 (1970).

On the instant pleadings it appears that the determinative issue might well be whether appellee had an exclusive agency and the resolution of that issue could conceivably turn upon whether the letter admitting of such agency may properly be received in evidence in light of the Parol Evidence Rule. Indeed, it

---

[3]An appeal lies from the refusal of the court below to grant a plaintiff's motion for judgment on the pleadings: Act of April 18, 1874, P. L. 64, §1, 12 P.S. §1097. *Cf. Layman v. Continental Assurance Co.,* 416 Pa. 155, 205 A. 2d 93 (1964).

is the applicability of the Parol Evidence Rule to which the bulk of the arguments on both sides is addressed. Accordingly, if a factual issue involving the Parol Evidence Rule is unresolved, we should affirm the denial of the motion.

In *Dunn v. Orloff*, 420 Pa. 492, 495-96, 218 A. 2d 314 (1966), this Court said: "In 1924, the present statement of the Pennsylvania parol evidence rule was enunciated by this Court in the landmark case of Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791 (1924). In Gianni, it was held that if a written agreement was intended by the parties to encompass the entire understanding between the parties, then evidence of a contrary nature, based upon an oral agreement at the time of the execution of the written agreement, was barred in the absence of fraud, accident or mistake. As later stated by former Chief Justice STERN in O'Brien v. O'Brien, 362 Pa. 66, 71, 66 A. 2d 309, 311 (1949): 'That principle (the Parol Evidence Rule) is to the effect that, in the absence of any allegation of fraud, accident or mistake, "the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence".' See also: Speier v. Michelson, 303 Pa. 66, 154 A. 127 (1931); United Refining Co. v. Jenkins, 410 Pa. 126, 189 A. 2d 574 (1963).

"In Gianni, however, the court provided for an exception by saying: 'The writing must be the entire contract between the parties if parol evidence is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself ". . . it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing."' (281 Pa. at 323). From this language has developed an exception to the Rule, i.e., that parol evidence is admissible to explain and supplement a writ-

ten agreement where such evidence *clearly* shows that the writing in question was not intended to and did not properly state the entire agreement between the parties. Boyd Estate, supra; Allinger v. Melvin, 315 Pa. 298, 172 A. 712 (1934); Universal Film Exchanges, Inc. v. Viking Theatre Corp., 400 Pa. 27, 161 A. 2d 610 (1960). As stated in Boyd: '. . . the parol evidence rule has never barred the introduction of clear, precise and convincing evidence to show that the party who seeks to enforce the written agreement according to its tenor has admitted and acknowledged that *the agreement as written did not express what the parties intended* and that what the parties intended was omitted from the written agreement by mistake or accident.' (Emphasis supplied.) (394 Pa. at 233). . . . Before examining the trial testimony and pleadings to ascertain if, *in fact,* such an *admission* exists, it must be noted that the burden was upon [the appellees here] to show that [the Chairman] has *admitted* that the [written agreement] did not express the entire agreement between the parties and such proof must be by 'clear, precise and convincing' evidence: Universal Film Exchanges, Inc. v. Viking Theatre Corp., supra. By such qualitative evidentiary standard must [appellee's] evidence be weighed." *Cf. Yuhas v. Schmidt,* 434 Pa. 447, 456-57, 258 A. 2d 616, 621 (1969); *Slavinski's Estate,* 420 Pa. 504, 509-10, 218 A. 2d 125, 128 (1966).

In applying this law to the allegation in the instant pleadings, the express provision stating that "its terms embody all agreements existing between the State Agent and [appellee]," when viewed in light of the earlier paragraph reserving "the right to appoint and license other agents in said territory," *seemingly* would preclude the introduction of any prior or contemporaneous arrangements to the contrary. On the other hand, the admission in the letter of the chairman of appellant corporation appears, at least superficially, to fit

within the previously mentioned exception to the Parol Evidence Rule.

The burden rests upon appellee to prove, by evidence "clear, precise and convincing" in nature, that the letter of appellant's chairman constituted an admission binding upon the appellant corporation and that the written contract between the parties did not constitute the *entire* agreement. That burden is one of both law *and* fact. On the present posture of this record it is impossible to resolve the issue of fact. The circumstances surrounding the letter of the chairman, the authentication of his authority, if any, from appellant corporation to so bind it and, perhaps, other evidence is essential to be shown in determining whether the letter is admissible. Under the instant circumstances, we cannot at this stage pass on the admissibility of the letter; in the first instance, the admissibility of the letter is for the trial court after evidence has been produced, both pro and con, so as to enable the trial court to intelligently arrive at its determination.

Our conclusion is that there exists a substantive unresolved issue apparent on the face of the record so as to warrant and justify the refusal of the court below to enter a judgment on the pleadings.

Order affirmed.

Mr. Justice POMEROY concurs in the result.