## Potts Manufacturing Company et al. *v.* Loffredo et al., Appellants.

Argued March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles F. Duffield*, with him *Anthony L. V. Picciotti,* and *Picciotti and Renzulli,* for appellants.

*Thomas A. Beckley*, with him *Craig W. Bremer,* and *Beckley & Grove,* for appellees.

OPINION BY VAN DER VOORT, J., June 24, 1975:

Appeal is taken to this Court from entry of judgment on the pleadings in favor of appellees, movants therefor. Appellant Loffredo was the general contractor on a construction project at the White Haven State School and Hospital for the General State Authority. Potts Manu-

facturing Company submitted a proposal to Loffredo to supply and erect, as sub-contractor, certain metals and ornamental iron work for the job and Loffredo issued a purchase order[1] accepting Pott's proposal. Security Insurance is Loffredo's surety.

Alleging full and satisfactory performance under the contract, and acceptance of same by Loffredo, Potts filed a complaint in assumpsit on May 8, 1972, seeking payment. Appellants answered on June 21, 1972. On May 24, 1974, appellees moved for judgment on the pleadings, which motion was granted following denial of appellants' petition to amend their answer.

Appellants challenge the entry of judgment on the grounds that their answer did raise disputed issues of fact and that the lower court's denial of petition to amend answer was error. The relevant paragraphs from appellees' original complaint and appellants' answer are discussed below.

It is elementary law that judgment on the pleadings cannot be entered where there are unknown or disputed issues of fact. *North Star Coal Co. v. Waverly Oil Works*

---

1. The purchase order, written on a paper bearing Fred Loffredo's heading, was as follows:
TO:
Potts Manufacturing Company
Mechanicsburg
Pennsylvania 17055
*Project name and location*
White Haven State School and Hospital
White Haven, Pennsylvania
G.S.A. #581-2.1
Please supply the following: Miscellaneous Metals and Ornamental Iron as covered by plans and specifications, Sections 9 and 14 as listed in your proposal of May 16, 1966, excluding Aluminum Sills, Gravel Stops and Facia, for the sum of $210,000.00, Penna. Sales tax included.
Field information:
Mr. Matty Schick, Supt.
                    Signed: Fred Loffredo

*Co.,* 447 Pa. 241, 288 A.2d 768 (1972). "Thus, if there is any issue of fact which is unresolved, no motion for judgment on the pleadings should be granted." *Coal Operators Cas. Co. v. Easterby & Co., Inc.,* 440 Pa. 218, 221, 269 A.2d 671, 672 (1970). Therefore, this Court must consider the pleadings and documents relevant thereto. See *SN, Inc. v. Long,* 208 Pa. Superior Ct. 38, 220 A.2d 357 (1966). Appellees' paragraph "9" of their complaint avers:

"9. Potts Manufacturing Company made all deliveries, performed all acts and conditions required of it under the agreement of the parties on or before November 28, 1969."

Appellants' answer thereto is as follows:

"9. Denied. The contract between the parties was governed and subject to the conditions of the contract between the defendant, Fred Loffredo, and G.S.A. Contract #581-2.1, and appropriate sections contained therein, wherein it is stated that payments by the G.S.A. shall become due and owing upon satisfactory completion of the work and *acceptance* (emphasis theirs) by the G.S.A. and the using agency, in this case the Department of Welfare, Commonwealth of Pennsylvania. Therefore, while Fred Loffredo and Potts Manufacturing Company made all deliveries, performed all the work as required by the G.S.A. under the aforesaid contract, to date the G.S.A. has not as yet accepted all the work and material, nor has its using agency, and as set forth by the plaintiff in its complaint in paragraph 11 thereof, the G.S.A. has not as yet made payment."

We must read this as an admission to appellees' averment on the questions of delivery and performance under the contract. As to whether a factual issue is raised by appellants' stating that their contract with appellees is subject to their contract with G.S.A., and as to whether this statement is a denial of appellees' averment num-

bered "9" sufficient to create a dispute of fact, we must look to the contract between Potts and Loffredo, comprised of Potts' proposal and Loffredo's purchase order.

The only mention of the contract between G.S.A. and Loffredo is the reference "G.S.A. #581-2.1" as part of the headings of both the proposal of Potts and the purchase order of Loffredo. These references are obviously to identify the job and the plans and specifications to be followed. Furthermore they do not incorporate the terms of the G.S.A.-Loffredo contract regarding approval and acceptance by G.S.A., and final payment by it, into the Loffredo-Potts contract. There is nothing in either document which indicates that any payments to Potts or any subcontractor is to await payment by G.S.A. to the general contractor. The Loffredo-Potts contract was clearly not governed or subject to conditions, regarding payment for labor and materials, of the G.S.A.-Loffredo contract. Consequently we find that there are no disputed issues of fact raised in the pleadings in this case.

We are in agreement with the decision of the lower court that absent any allegation by appellants that parol evidence should be considered to clarify some ambiguity, or to show fraud, accident or mistake the contract must be construed from the written documents: "[i]n a written contract the intent of the parties is the writing itself and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement." *Felte, Inc. v. White,* 451 Pa. 137, 143, 302 A.2d 347 (1973).

Appellants' further argument is that we should take cognizance of their petition to now answer appellees' paragraph "10", averment in the original complaint, which reads as follows:

"10. Fred Loffredo accepted all deliveries and performances of Potts Manufacturing Company on or before November 28, 1969."

In their original answer, appellants inexplicably made no response to said paragraph. We will not consider any proposed answer because we agree with the lower court's denial of appellants' petition to amend answer and thereby respond to said paragraph "10." Allowing such amendment is clearly within the court's discretion. Pennsylvania Rule of Civil Procedure 1033 and *Trabue v. Walsh,* 318 Pa. 391, 177 A. 815 (1935). We recognize and support the trial judge's reasoning that prejudice would obtain to appellees' position were an amendment allowed more than two years following initiation of the cause of action and after appellees' motion for judgment on the pleadings.

Judgment affirmed.

JACOBS, J., concurs in the result.