**Nicholson v. Polcyn Estate**

*Hartman, Underhill and Brubaker*, for plaintiff.
*Henry C. Haefner*, for defendant.

MUELLER, *J.*, March 14, 1979—Plaintiff, James W. Nicholson, filed this action in trespass against defendant Commonwealth National Bank, Executor of the Estate of John L. Polcyn, deceased, on the ground that John L. Polcyn invaded plaintiff's right of privacy by disclosing information acquired pursuant to the physician-patient relationship existing between Dr. Polcyn and plaintiff.

Plaintiff filed a motion for summary judgment on January 9, 1979. Pursuant to Pa.R.C.P. 1035(b), plaintiff requested summary judgment on the issue of liability, claiming that defendant admitted in its pleadings that Dr. Polcyn disclosed confidential information about plaintiff. Defendant responded to

the motion by arguing that it did not admit in its pleadings that Dr. Polcyn disclosed confidential information about plaintiff. Additionally, defendant argued that it was entitled to summary judgment for two reasons: (1) Plaintiff failed to state a causal connection between the disclosure and the damages he allegedly incurred, and (2) the disclosure of such information is not wrongful in Pennsylvania.

In disposing of these motions the court will discuss the numerous procedural and substantive issues with which it is confronted.

Both parties have requested summary judgment but neither has submitted depositions, answers to interrogatories, admissions on file or supporting affidavits. Although Rule 1035 of the Pennsylvania Rules of Civil Procedure does not literally require the moving party to submit evidence of well-pleaded facts, such a requirement is implicit in the rule.[1] The Supreme Court of Pennsylvania, quoting from the comments to the Federal rules, in Phaff v. Gerner, 451 Pa. 146, 303 A. 2d 826 (1973), stated "'. . . The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" 451 Pa. at 151. Disposal of a case on

---

1. Rule 1035(d) states that the ". . . adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial . . ." Of course, if the non-moving party contends as a matter of law that summary judgment should be denied, the adverse party need not present any evidence: 2 Goodrich-Amram 2d, §1035(b):1; see Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971).

the pleadings alone is not contemplated by the summary judgment rule: 2 Goodrich-Amram 2d §1035(a):3.

Plaintiff alleges in paragraphs 9 and 11 of his complaint that Dr. Polcyn disclosed certain confidential information to an attorney in connection with a lawsuit for mortgage insurance benefits. In its answer, defendant admits that information was disclosed to an attorney by Dr. Polcyn, but defendand denies that the information was confidential. At this point there is no evidence before the court either supporting or controverting these allegations, and summary judgment is inappropriate. Plaintiff would have the court hold that as a matter of law the information disclosed was confidential, but the court cannot make that determination on the pleadings alone.

In paragraphs 8 and 11 of the complaint plaintiff alleges that the disclosure of confidential information by Dr. Polcyn caused the injury he incurred—a reduced settlement figure. Defendant answers by demanding proof at trial. In Panko v. Consolidated Mutual Ins. Co., 423 F. 2d 41 (3d Cir. 1970), plaintiff sued defendant insurance company for inducing plaintiff's physician to disclose confidential information to it. The Third Circuit upheld the grant of summary judgment against plaintiff because, even assuming the pre-trial disclosure of information was tortious, the evidence in the record did not prove a causal connection between the breach and the injury which was the loss of a suit against defendant's insured.

Because there are no facts in this record concerning causality, merely allegations, summary judgment must be denied. This holding does not pre-

clude either party from requesting summary judgment when the time is ripe: 2 Goodrich-Amram 2d §1035(b):9.

Defendant has also requested summary judgment on the ground that the disclosure of information acquired as a result of the physician-patient relationship is not wrongful in Pennsylvania. Defendant claims as a matter of law that it is entitled to summary judgment because plaintiff has failed to state a cause of action. Summary judgment should be granted only in the clearest of cases: Coal Operators Casualty Co. v. Charles T. Easterby Co., 440 Pa. 218, 269 A. 2d 671 (1970). For purposes of summary judgment the record is viewed in a light most favorable to the non-moving party: Davis v. Pennzoil Co., 438 Pa. 194, 264 A. 2d 597 (1970).

There are no cases in Pennsylvania of which the court is aware and none were set forth in the briefs filed, that permit a patient to recover damages from his physician for extra-judicial disclosure of information acquired as a result of the physician-patient relationship. There are, however, several cases which recognize a physician's duty to maintain confidentiality of information obtained from a patient: Alexander v. Knight, 25 D. & C. 2d 649 (1961), order affirmed, 197 Pa. Superior Ct. 79, 177 A. 2d 142 (1962); Berman v. Duggan, 119 Pitts. L.J. 226 (1971); Clayman v. Bernstein, 38 D. & C. 543 (1940). There is also a statute governing the disclosure of such information in civil cases: Act of June 7, 1907, P.L. 462, sec. 1, 28 P.S. §328.

The physician-patient privilege was not recognized at common law: Hague v. Williams, 37 N.J. 328, 181 A. 2d 345 (Sup. Ct. 1962). In Pennsylva-

nia, a statutory privilege was created by the Act of June 7, 1907, P.L. 462, sec. 1, 28 P.S. §328, entitled "Physicians and surgeons not to disclose information; exception." [See now Judicial Code, 42 Pa.C.S.A. §5929.] The provision under a heading of competency of witnesses states:

"No person authorized to practice physics or surgery shall be allowed, in any civil case, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil cases, brought by such patient, for damages on account of personal injuries."

Recently the Supreme Court re-examined the statute in In re "B", 482 Pa. 471, 394 A. 2d 419 (1978). Four of the justices agreed that the statute did not bar the testimony of a psychiatrist during the dispositional phase of a juvenile court proceeding.[2] In the plurality opinion the court reaffirmed several earlier cases holding that the statute protects only communications that tend to blacken character, and that character is not blackened by the disclosure that a person had undergone psychotherapeutic treatment.

Under this interpretation of the statute, Dr. Polcyn could have been compelled to testify in plaintiff's lawsuit for mortgage insurance benefits, if the testimony was material and relevant. However, it

---

2. The plurality opinion held that a patient has a constitutional right to prevent the disclosure of information arising from the psychotherapist-patient relationship.

is not clear from the pleadings that the information disclosed by Dr. Polcyn was material and relevant See footnote 5, Panko v. Consolidated Mutual Ins. Co., supra.[3] Viewing the allegations in a light most favorable to the non-moving party, the court will assume that the information disclosed by Dr. Polcyn would not have been admissible in plaintiff's mortgage insurance case.

The court is thus faced with the following issue: Can a patient maintain a cause of action against his physician for disclosing extra-judicially to a third person information acquired as a result of the physician-patient relationship?

In Alexander v. Knight, supra, the court stated in dictum that physicians stand in a confidential or fiduciary duty as to their patients. The court went on to note that the duty includes a duty to refuse affirmative assistance to the patient's antagonist in litigation until called to speak the truth at the proper time. Several cases in other jurisdictions have found a physician's duty to maintain confidentiality arising from the position of trust and confidence in which a patient holds his physician: Hague v. Williams, supra; Hammonds v. Aetna Casualty & Surety Co., 237 F. Supp. 96, motion for reconsideration denied, 243 F. Supp. 793 (N.D. Ohio, 1965); Berry v. Moench, 8 Utah 2d 191, 331 P. 2d 814 (1958).

---

3. In Panko, supra, the Third Circuit noted that a patient is not entitled to relief from disclosure of information prior to trial if the patient would have been unable to prevent disclosure of the information at trial. The court notes that the constitutional holding by two Justices in In re "B", supra, would lead one to conclude that Dr. Polcyn would have been barred from testifying at trial in the mortgage insurance case.

In Hammonds, supra, the court stated that confidentiality of the physician is necessary to promote full and fair disclosure by the patient and that the public policy, reflected in the code of ethics, the licensing statute, and the privileged communications statute, favors a legally enforceable right to non-disclosure. The district court on the motion for reconsideration quoted the dictum in Alexander, supra, with approval.

Likewise, in Hague, supra, the New Jersey Supreme Court held, in dictum, that a physician has a non-testimonial duty of confidentiality. The court stated: "[O]rdinarily a physician receives information relating to a patient's health in a confidential capacity and should not disclose such information without the patient's consent, except where the public interest or the private interest of the patient so demands." 37 N.J. at 336, 181 A. 2d at 349.

In New Jersey there is no statute precluding disclosure at trial.[4] Nevertheless the court found that a physician is legally obligated to maintain non-testimonial confidentiality. The New Jersey Supreme Court reasoned that no policy is served by permitting non-testimonial disclosure; whereas a policy favoring disclosure during litigation is favored because the benefit gained by correct disposal of litigation outweighs the injury to the confidential physician-patient relationship.

---

4. In effect, the Pennsylvania statute does not preclude disclosure of information arising from the physician-patient relationship at trial. Under the statutory holding in In re "B", almost no communication will blacken a patient's character; therefore, almost all communications are admissible in civil cases pursuant to section 328 of 28 P.S. The constitutional holding in In re "B" reflects a policy against disclosure by two justices.

Adopting the reasoning of Alexander, Hague and Hammonds and recognizing the policy reflected by the constitutional holding of two justices in In re "B", this court holds that a physician has a legal duty to maintain confidentiality of information arising from the physician-patient relationship unless compelled to testify during litigation. As Judge Alessandroni stated in Clayman v. Bernstein, supra, where he recognized a remedy for invasion of the right to privacy, "the expression damnum absque injuria [is] an obsolete term." At 550. A remedy exists where a person's legal rights are violated. Hence, the court finds that plaintiff has stated a cause of action.

For the foregoing reasons summary judgment is denied to both parties.

## ORDER

And now, March 14, 1979, plaintiff's and defendant's requests for summary judgment are denied without prejudice.

