**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3772
_____

DOMINO'S PIZZA LLC

v.

ROBERT J. DEAK,
                    Appellant


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-05-cv-00456)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2010

Before:  AMBRO, CHAGARES and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 4, 2010)
_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, *Circuit Judge*.

Robert J. Deak ("Deak") appeals from a September 4, 2009 order of the United

States District Court for the Western District of Pennsylvania granting Domino's Pizza

LLC's ("Domino's") motion for judgment on the pleadings and entering declaratory relief

in favor of Domino's. Deak argues that the District Court inappropriately applied

Pennsylvania's parol evidence rule and failed to apply a recognized exception to the rule.

Because we agree that the District Court prematurely declined to apply the admissions

exception to Pennsylvania's parol evidence rule, we will reverse and vacate the

September 4, 2009 order and remand for further proceedings.

## I.

## A.

In 1980, Deak entered into a franchise agreement with Domino's Pizza, Inc., the

predecessor-in-interest to Domino's. This agreement granted Deak exclusive franchise

rights in certain areas of Pennsylvania (the "Pennsylvania Agreement"). Among other

provisions, the Pennsylvania Agreement established a term limit:

> "Unless sooner terminated as provided in Paragraph 9,[1] the initial term of this Agreement shall be from the date hereof until the last day of the first Agreement Year and thereafter, this Agreement shall be automatically renewed for successive terms of one Agreement Year until the last day of the tenth (10th) Agreement Year, unless [Deak] shall, at [his] sole option, elect not to renew and shall give written notice to DOMINO'S of such election at least one hundred twenty (120) days prior to the end of any Agreement Year."

(J.A. at 59.) In 1990, Deak and Domino's executed an addendum to the Pennsylvania

Agreement that, *inter alia*, extended the term of the Agreement "for an additional ten (10)

year period following the expiration date of the [Pennsylvania] Agreement. For purposes

---

[1] Paragraph 9 contemplates bases for terminating the Pennsylvania Agreement, none of which are at issue in this case.

2

of clarification, the parties agree that the expiration date of the [Pennsylvania] Agreement as executed by this Addendum shall be July 31, 2000." (*Id.* at 89.) Finally, Deak and Domino's entered into an additional addendum in 2001 that extended the term of the Pennsylvania Agreement "for an additional five (5) year term. For purposes of clarification, the parties agree that this additional five (5) year term commenced August 1, 2000 and expires July 31, 2005." (*Id.* at 95.)

In 1984, Deak and Domino's entered into a second exclusive franchise agreement for certain areas in Maine (the "Maine Agreement"). The Maine Agreement contemplated an initial term of "ten (10) years commencing on the date of execution of this Agreement." (*Id.* at 99.) Thereafter, Deak and Domino's entered into an addendum which extended the term of the Maine Agreement "for an addition ten (10) year period following the expiration date of the [Maine] Agreement. For purposes of clarification, the parties agree that the expiration date of the [Maine] Agreement as executed by this Addendum shall be December 9, 2004." (*Id.* at 117.)

On August 17, 2005, Domino's informed Deak, by letter, that it planned to "start accepting applications to build stores in portions of what was once your area agreements. . . . We disagree that you have been granted area rights that exceed any written document and have communicated that position to you on several occasions." (*Id.* at 123.) Deak responded with a letter from counsel contending that the Pennsylvania and Maine Agreements continue to be in full force and effect, and that "[s]pecific representations

were made to [Deak] that his [Pennsylvania and Maine] Agreements would not be limited as to time." (*Id.* at 125.) Deak's counsel then asserted that Domino's proposed course of action "is contrary to the specific promises made by Domino's to Mr. Deak and proceeding along these lines will be deemed to be a breach of those guarantees." (*Id.*)

**B.**

In light of this disagreement regarding the terms of the Pennsylvania and Maine Agreements, and its desire to issue new franchises, Domino's filed a complaint in the District Court seeking a declaratory judgment that the Agreements had expired and that Domino's was free to issue new franchises in Deak's previously exclusive areas.

In his answer, Deak contended that a former officer of Domino's had made oral representations to him that he had the right to renew his Pennsylvania and Maine Agreements on the same or substantially similar terms for so long as he operated Domino's stores. In particular, Deak relied on an unsworn statement from Sue Pagniano ("Pagniano"), a former Regional Vice President of Domino's, in which she stated, "It is my specific recollection there were no time limits placed on the length of the area contracts. It was understood that Mr. Deak's right to be an Area Franchisee is for the duration of his development and ownership of Domino's Pizza Stores . . . ." (*Id.* at 143.)

Deak also filed a counterclaim for a declaratory judgment recognizing Domino's is obligated to renew the Pennsylvania and Maine Agreements in the same or substantially similar form as past agreements. The District Court granted Domino's motion to dismiss

4

Deak's counterclaim, with leave to amend. It determined that Pennsylvania's parol evidence rule bars the admission of the alleged agreement for renewal, which was not part of a separate agreement, and that Deak did not plead evidence of an admission sufficient to survive Domino's Rule 12(b)(6) motion.[2]

Deak then filed an amended counterclaim, which the District Court construed as relying exclusively on the admissions exception to the parol evidence rule. The District Court granted Domino's second Rule 12(b)(6) motion because the admissions Deak offered did not rise to the level of evidence previously accepted by Pennsylvania courts when applying the admissions exception. In particular, the District Court noted that Deak's own assertions and the unsworn testimony of a former officer do not satisfy the admissions exception.[3]

Domino's subsequently filed the subject motion for judgment on the pleadings under Rule 12(c). Prior to this filing, however, Deak conducted a deposition of Pagniano

---

[2] The District Court applied Pennsylvania law to this contract dispute. The court declined to abide by the choice-of-law provisions in the Pennsylvania and Maine Agreements because the parties did not seek to enforce those provisions prior to filing the Rule 12(c) motion. The Pennsylvania Agreement selected Michigan law, whereas the Maine Agreement selected "the laws of the state in which the Exclusive Area . . . is located." (*See* J.A. at 68, 109.)

Although the applicability of a choice-of-law *provision* is not a jurisdictional issue and the parties may waive their right to enforce it, the conflicts of law *issue* regarding which forum's law should apply to the dispute may not be waiveable. *See Huber v. Taylor*, 469 F.3d 67, 75 n.12 (3d Cir. 2006). Accordingly, on remand, the District Court may wish to revisit its position on this matter in light of the basis for our reversal.

[3] The order dismissing Deak's amended counterclaim is not at issue in this appeal.

5

in which she adopted, under oath, her assertions in her previously unsworn statement.[4]

Pagniano died shortly thereafter. The District Court granted Domino's Rule 12(c) motion by finding, in part, that Deak failed to sufficiently plead an admission to survive Domino's motion. Deak filed this timely appeal.

## II.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and had authority to issue declaratory relief pursuant to § 2201(a). We have jurisdiction to review the District Court's final and appealable order pursuant to § 1291.

> "Our standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is plenary. Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."

*Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).

## III.

---

[4] Domino's has sought leave of this Court to file a sur-reply brief pursuant to Federal Rule of Appellate Procedure 28(c). We will grant Domino's motion in a separate order. In the brief, Domino's contends that Pagniano's deposition cannot be considered in the context of its Rule 12(c) motion because it was not part of the pleadings under consideration. Regardless of the validity of this contention, we do not rely on Pagniano's deposition in reaching our conclusion.

As a preliminary matter, we note that in conducting its review of the Rule 12(c) motion, the District Court observed that it could "consider any undisputably authentic documents attached as exhibits." *Domino's Pizza LLC v. Deak*, 654 F. Supp. 2d 336, 341 (W.D. Pa. 2009). As a general proposition, this is true because Federal Rule of Civil Procedure 10(c) establishes that a written instrument attached to a pleading as an exhibit is part of the pleading itself. We have determined, however, that not all written instruments may be considered part of the pleading and have opined that an affidavit cannot be part of a pleading. *See Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989). As such, Pagniano's statement attached to Deak's answer, which itself is not even an affidavit, could not have been considered by the District Court without converting the Rule 12(c) motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *cf. Rose*, 871 F.2d at 339 n.3. Nevertheless, Deak pled the substance of Pagniano's alleged admission in the body of his pleading; therefore, neither the District Court nor this Court need look beyond the pleadings to dispose of Domino's Rule 12(c) motion.

Deak raises three issues on appeal: (1) Pennsylvania's parol evidence rule does not apply because the Pennsylvania and Maine Agreements were not fully integrated; (2) the parol evidence rule does not apply because his right of renewal is the subject of a separate agreement; and (3) even if the parol evidence rule applies, he has sufficiently pled the existence of an admission to survive Domino's Rule 12(c) motion.

For the purposes of this appeal, we will assume, without deciding, that the parol evidence rule applies.[5] Consequently, "evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436-37 (Pa. 2004). In this case, Deak seeks to introduce evidence that, prior to executing the Pennsylvania and Maine Agreements, he was guaranteed the right to renew the Agreements on the same or substantially similar terms for as long as he continued to own and operate Domino's stores. Because we have assumed the parol evidence rule applies, we have necessarily assumed that the written agreement and oral representations concern the same subject matter. *See In re Estate of Hall*, 535 A.2d 47, 55 (Pa. 1987) (noting rule only bars evidence on same subject matter as writing). Therefore, Deak's assertion of an oral agreement that the Agreements have

---

[5]    On a related note, we will also assume, without deciding, that there is no separate agreement in this matter. Our assumption that the parol evidence rule applies necessarily entails the assumption that the parol evidence presented by Deak concerns the same subject matter as the written agreement. *See In re Estate of Hall*, 535 A.2d 47, 55 (Pa. 1987) (indicating parol evidence rule bars admission of prior or contemporaneous oral representations only if they concern a matter specifically dealt with in the contract itself). Simply enough, if the parol evidence concerns the same subject matter as the contract, it cannot be the basis for a separate agreement. *See Iron Worker's Sav. & Loan Ass'n v. IWS, Inc.*, 622 A.2d 367, 373-74 (Pa. Super. Ct. 1993) (noting separate agreement may exist only if it concerns a subject matter different than written agreement). Therefore, because we assume the parol evidence rule applies, we are led to the inevitable assumption that, for the purposes of this appeal, there is no separate agreement.

no time limit would be barred by the parol evidence rule. *See Yocca*, 854 A.2d at 436-37

(barring parol evidence that would vary term of contract).

Nevertheless,

"the parol evidence rule has never barred the introduction of clear, precise, and convincing evidence to show that the party who seeks to enforce the written agreement according to its tenor has admitted and acknowledged that the agreement as written did not express what the parties intended and that what the parties intended was omitted from the agreement by mistake or accident."

*Scott v. Bryn Mawr Arms, Inc.*, 312 A.2d 592, 595 (Pa. 1973) (alteration omitted). The

parol evidence rule bars the admission of material contrary to the express terms of the

written agreement, "unless it is admitted that the whole of the agreement is not set forth in

the writing." *Id.* The burden is on the proponent of the parol evidence to establish such

an admission of incompleteness in the writing by evidence which is clear, precise, and

convincing, *id.*, and this burden is of both law and fact, *Coal Operators Cas. Co. v.*

*Charles T. Easterby & Co.*, 269 A.2d 671, 674 (Pa. 1970). The admission of

incompleteness must have been made, or alleged to have been made, at a time subsequent

to entering into the written agreement. *Scott*, 312 A.2d at 596.

The District Court determined that Deak's averments of an admission "simply

cannot constitute the requisite penetrating admissions." *Deak*, 654 F. Supp. 2d at 346.

We do not agree that the District Court could reach this conclusion at this stage of the

proceedings. The District Court was required to "view the facts presented in the

pleadings and the inferences to be drawn therefrom in the light most favorable" to Deak.

9

*See Rosenau*, 539 F.3d at 221. Judgment on the pleadings should not be granted unless there is no material issue of fact and Domino's is entitled to judgment as a matter of law. *See id.* Under this high standard, we cannot agree with the District Court.

Many of the Pennsylvania cases addressing the sufficiency of evidence of an admission proceeded to trial, affording the party at least the opportunity to present sworn testimony, or at least beyond the discovery stage to summary judgment, and in some instances included responsive pleadings from the party seeking to enforce the written agreement. *See, e.g.*, *Giant Food Stores, Inc. v. Marketplace Commc'ns Corp.*, 717 F. Supp. 1071, 1075 (M.D. Pa. 1989) (applying admissions exception based on sworn affidavit of former employee and letters from corporate officers of party seeking to enforce written agreement); *Scott*, 312 A.2d at 595-96 (declining to apply admission exception because alleged admission did not relate to disputed issue); *Yuhas v. Schmidt*, 258 A.2d 616, 621 (Pa. 1969) (addressing admission in trial testimony); *Dunn v. Orloff*, 218 A.2d 314, 317-18 (Pa. 1966) (declining to find requisite admission in trial testimony and pleadings because admission did not relate to the issue in dispute); *Universal Film Exchs., Inc. v. Viking Theatre Corp.*, 161 A.2d 610, 612 (Pa. 1960) (per curiam) (adopting lower court opinion which declined to find admission in trial testimony of parol evidence proponent regarding out-of-court admissions by proponent of written agreement); *Boyd Estate*, 146 A.2d 816, 821 (Pa. 1958) (relying on admission in sworn answer despite party's failure to testify at trial); *Allinger v. Melvin*, 172 A. 712, 713, 714-15 (Pa. 1934)

10

(citing party's admission in trial testimony); *Ward v. Zeigler*, 132 A. 798, 799 (Pa. 1926) (finding parol evidence rule inapplicable where proponent of written agreement testified at trial that writing did not reflect parties' entire understanding).

Because Deak did not have the same opportunity to proceed to trial, we cannot fault him simply because he did not produce sworn trial testimony. Further, Domino's filed no responsive pleading and instead opted to seek dismissal of Deak's counterclaim, which the District Court granted, so we cannot fault Deak for failing to point to an admission in a pleading.

Indeed, in a case with evidence of an admission similar to that which Deak pled, the Pennsylvania Supreme Court affirmed the lower court's order denying judgment on the pleadings. *Coal Operators*, 269 A.2d at 674. The court concluded that a letter from the chairman of the proponent of the written agreement, which contradicted the terms of the writing, could suffice as "clear, precise and convincing in nature." *Id.* (quotations omitted). Particularly, the court noted that the letter's admissibility and the chairman's authority to bind the corporation remained to be resolved. *Id.* As such, "[o]n the present posture of this record, it is impossible to resolve the issue of fact." *Id.*

Similarly, assuming as we must that Deak's assertions of Pagniano's representations are true, they *could* establish clear, precise, and convincing evidence that the Pennsylvania and Maine Agreements do not reflect the parties' complete understanding. *Cf. In re Estate of Fickert*, 337 A.2d 592, 594 (Pa. 1975) (defining clear

11

and convincing evidence as that which is "so clear, direct, weighty, and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue").

Assuming the veracity of Deak's allegations, there would be no time limit on the Agreements, which contradicts the term limits stated therein. *See Coal Operators*, 269 A.2d at 672 (finding admission exception applicable where admission expressly contradicted terms of written agreement). Moreover, the admission was issued, at the earliest, in December 2004, well after any relevant agreement or addendum was executed. *See Scott*, 312 A.2d at 595 (asserting that admission must be made subsequent to execution of written agreement). We are not concerned, in this procedural posture, with the admissibility, credibility, or binding effect of Pagniano's statement; rather, those are issues better resolved at the trial level.[6] *See Coal Operators*, 269 A.2d at 674; *see also*

---

[6] The District Court also noted that Deak's allegations of statements by other former and current corporate officers of Domino's also do not meet the clear, precise, and convincing evidence standard. The District Court's treatment of these statements is flawed in the same manner as its analysis of Pagniano's statement. Even though these allegations mirror those found insufficient in *Universal Film Exchanges*, the proponent of the admissions exception in that case had the opportunity to present evidence at trial and offered nothing other than his own allegations. 161 A.2d at 612. We cannot agree that the same result is required in the procedural posture of this case where Deak's allegations can be substantiated through discovery, depositions, and examination at trial. We are aware that these statements were not contained in the pleadings under review; we merely acknowledge the misstep in the District Court's analysis.

Deak's pleading of Pagniano's statement alone suffices to defeat Domino's Rule 12(c) motion. If true, and if an admission attributable to Domino's, her statement that there should be no time limit on the duration of the Pennsylvania and Maine Agreements indicates that the written agreements may not reflect the entire agreement of the parties.

12

*Giant Food Stores*, 717 F. Supp. at 1074 n.4 (noting parol evidence rule invokes state substantive law, not federal evidentiary rules (citing *Betz Labs., Inc. v. Hines*, 647 F.2d 402, 405 (3d Cir. 1981)).

Furthermore, although *Scott*'s language appears to require not only an admission of incompleteness but also an admission that the true agreement was omitted by mistake or accident, 312 A.2d at 595, the above-cited cases, which actually applied the admissions exception, do not make the same demand, *see, e.g.*, *Giant Food Stores*, 717 F. Supp. at 1076-77; *Yuhas*, 258 A.2d at 621; *Boyd Estate*, 146 A.2d at 821.

## IV.

For the foregoing reasons, we will reverse the District Court's order granting Domino's motion for judgment on the pleadings, vacate the order granting Domino's declaratory relief, and remand for further proceedings.

---

Accordingly, the parol evidence rule would not bar its admission. *See Scott*, 312 A.2d at 595.