**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2654
_____

DOMINOS PIZZA LLC, Successor in interest to Domino's Pizza, Inc.

v.

ROBERT J. DEAK,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-05-cv-00456)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2013

Before:  RENDELL, AMBRO, and VANASKIE, *Circuit Judges*.

(Filed: August 09, 2013)
_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

Robert Deak appeals from an order of the District Court that precluded Deak from

reasserting a counterclaim that the District Court had previously dismissed without

prejudice.  Finding no error, we will affirm.

I.

We write primarily for the parties to this action. Accordingly, we set forth only those facts necessary to our analysis.

In July 1980, Deak entered into a franchise agreement with Domino's Pizza, Inc., the predecessor corporation to Dominos Pizza LLC ("Domino's" or "Domino's Pizza"). The agreement gave Deak exclusive rights to develop Domino's Pizza franchises in several counties in Pennsylvania for ten years. Four years later, Deak signed another agreement granting him exclusive franchise rights in several counties in Maine. Over the next twenty years, the parties agreed to addenda that extended the respective expiration dates of each agreement. In August of 2005, however, Domino's informed Deak that it did not intend to renew his agreements in the same form and would, instead, begin accepting franchise applications from third parties. Deak responded that he had received representations from Domino's that he had the right to renew the franchise agreements on the same terms so long as he continued to operate Domino's Pizza franchises, and that he believed Domino's was in breach of that agreement.

Domino's sought a declaratory judgment that the franchise agreements had expired and no longer bound the parties. Deak filed a counterclaim, contending that the parties had agreed orally that Deak's operation of Domino's Pizza franchises guaranteed him the right to continually renew his franchise agreements on the same terms. Domino's moved to dismiss Deak's counterclaim, and, on March 23, 2007, the District Court granted the motion, but explicitly gave Deak the opportunity to file an amended counterclaim.

2

Deak filed an amended counterclaim on April 13, 2007, and Domino's again moved for its dismissal. On March 20, 2008, the District Court once more dismissed, without prejudice, Deak's counterclaim. Deak, however, did not file an amended counterclaim. Instead, he filed an appeal, which we subsequently dismissed pursuant to Federal Rule of Appellate Procedure 42(b).

On November 25, 2008, Domino's moved for judgment on the pleadings. The District Court granted Domino's motion, finding that the parties were no longer bound by the franchise agreements. Deak appealed the District Court's order, and, on June 4, 2010, we vacated and remanded for further proceedings. *See Domino's Pizza LLC v. Deak*, 383 Fed. Appx. 155 (3d Cir. 2010).

On May 4, 2012, Domino's moved to voluntarily dismiss its declaratory judgment action. Deak opposed the voluntary dismissal, citing Federal Rule of Civil Procedure 41, which prohibits a district court from granting voluntary dismissal over a defendant's objection where the defendant has pleaded a counterclaim, unless "the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Given that there was no counterclaim pending when Domino's moved for voluntary dismissal, the District Court granted Domino's case and dismissed the action in its entirety.

Deak sought reconsideration of the portion of the District Court's order closing the case, and filed a motion for leave to amend his pleadings by reasserting his counterclaim. The District Court denied both motions, explaining that Deak "had ample opportunity to attempt to reassert his counterclaim . . . while the case was open, but he failed to do so." (Joint Appendix ("J.A.") 5.) Deak filed this timely appeal, contending that the District

3

Court erred in denying his motions to reconsider and to amend his pleadings to reassert his counterclaim.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

Deak moved for reconsideration of the closure of the case pursuant to Federal Rule of Civil Procedure 60(b)(6), and for leave to amend to reassert a counterclaim pursuant to Federal Rule of Civil Procedure 15. The grant or denial of motions under both procedural rules is within the sound discretion of the District Court, and we will reverse only for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 252 (3d Cir. 2008); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Rule 60(b) enumerates several specific grounds upon which a court may relieve a party from a final judgment, and also permits a court to do so for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Despite its broad language, however, the "catch-all provision" of Rule 60(b)(6) is satisfied only by "extraordinary circumstances."[1] *Budget Blinds*, 536 F.3d at 252 (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Deak does not argue that this case presents an extraordinary circumstance. Instead, he asserts that relief from the District Court's final judgment is warranted because the liberal standards of Rule 15 do not preclude him from amending his

---

[1] As we noted in *Budget Blinds*, "[o]ur circuit uses the terms 'extraordinary circumstances' and 'exceptional circumstances' interchangeably when discussing Rule 60(b)(6)." 536 F.3d at 255 n.13.

responsive pleadings to include a counterclaim. This argument is unavailing. Rule 15(a)(2), which directs courts to "freely give leave [to amend]," presents a much lower standard for relief than that required by Rule 60(b)(6). Indeed, while courts must *deny* relief under Rule 60(b)(6) unless extraordinary circumstances are present, courts are counseled to *grant* relief under Rule 15(a)(2) unless specific circumstances such as undue delay or bad faith justify denial. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, simply qualifying for leave to amend under Rule 15 does not demonstrate extraordinary circumstances justifying relief under Rule 60(b)(6). Accordingly, we will not analyze his motion to reconsider the District Court's final judgment under the considerably more relaxed standards for amending pleadings.

Applying the framework of Rule 60(b)(6), we conclude that this case does not present extraordinary circumstances justifying relief. A party makes a showing of extraordinary circumstances by demonstrating that, "absent such relief an 'extreme' and 'unexpected' hardship will result." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977). Although hardship may exist where a judgment precludes adjudication on the merits, *see Budget Blinds*, 536 F.3d at 255 (citing *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978)), we will rarely find extraordinary circumstances when the judgment "resulted from the party's deliberate choices." *Id.*

Here, the District Court dismissed Deak's counterclaim without prejudice in 2008. Deak had more than four years to reassert his counterclaim, but did not do so. Because no counterclaim was pending when Domino's moved for voluntary dismissal, the District Court properly closed the case. Thus, it was Deak's "deliberate choices" that resulted in

5

closure of the case, *Budget Blinds*, 536 F.3d at 255, and the District Court did not abuse its discretion in denying Deak's motion to reconsider.

We also reject Deak's argument that the District Court abused its discretion in denying his motion to amend his pleadings to reassert a counterclaim. "A district court may deny leave to amend . . . if . . . delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Although delay alone does not justify denial, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). We have specifically explained that delay may be undue when "a movant has had previous opportunities to amend a complaint." *Cureton*, 252 F.3d at 273. In addition, we have suggested that courts may consider the interests of judicial economy and finality of litigation where a party does not make a motion to amend until after a final judgment has been issued. *See id.* (citing with approval cases from other circuits that considered finality and judicial economy).

We agree with the District Court that Deak "had ample opportunity" to move to amend his pleadings to reassert a counterclaim. (J.A. 5.) Significantly, although he indicated his desire to reassert the counterclaim in his reply opposing voluntary dismissal, Deak did not move to do so until after the case was closed.

Furthermore, as the District Court noted in its order denying relief, Domino's would have been prejudiced by the reassertion of a counterclaim that had not been

6

pending in more than four years.  Although Domino's was aware of the general substance of Deak's counterclaim, Domino's was not on notice of how, if at all, Deak intended to alter the substance of his counterclaim upon reasserting it.  Therefore, because Deak had ample opportunity to move to amend while the case was open but did not do so until after it was closed, because Domino's would have been prejudiced by amendment at this stage, and because the interests of judicial economy and finality of judgment militate against allowing a post-judgment amendment of pleadings, we hold that the District Court did not abuse its discretion in denying Deak's motion for leave to amend.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.